1   Barbara A. Rohr (273353)
    FARUQI & FARUQI LLP
2   10866 Wilshire Blvd., Suite 1470
    Los Angeles, CA 90024
3   Telephone: (424) 256-2884
    Facsimile:  (424) 256-2885
4
    *Counsel for Plaintiff Gerald Douglas*
5
    [Additional counsel listed on signature page]
6
7                   **UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
8   GERALD DOUGLAS, Individually and on          Lead Case No. 16-cv-00921-WHO
    Behalf of All Others Similarly Situated,
9                                                **PLAINTIFFS' NOTICE OF UNOPPOSED**
                            Plaintiff,            **MOTION AND UNOPPOSED MOTION**
10                                               **FOR AN ORDER GRANTING**
                     v.                          **PRELIMINARY APPROVAL OF CLASS**
11                                               **ACTION SETTLEMENT;**
    FRANK WITNEY, NELSON CHAN,                   **MEMORANDUM OF POINTS AND**
12  GARY GUTHART, JAMI NACHTSHEIM,               **AUTHORITIES IN SUPPORT THEREOF**
    RICCARDO PIGLIUCCI, MERILEE
13  RAINES, ROBERT TRICE, and                    Date: August 17, 2016
    AFFYMETRIX, INC.,                            Time: 2:00pm
14                                               Courtroom: 2, 17th Floor
                            Defendants.          Judge: Hon. William H. Orrick
15
16
    STEVEN MEROLA, Individually and On           Related Case No. 4:16-cv-01237-PJH
17  Behalf of All Others Similarly Situated,
18                          Plaintiff,
19                   v.
20  FRANK WITNEY, NELSON CHAN,
    GARY GUTHART, JAMI NACHTSHEIM,
21  RICCARDO PIGLIUCCI, MERILEE
    RAINES, ROBERT TRICE, and
22  AFFYMETRIX, INC.,
23                          Defendants.
24
25
26
27
28
                                                            16-cv-00921-WHO

1  JEFFREY S.L. CHEAH, Individually and on    Related Case No. 3:16-cv-1253-WHO
   Behalf of All Others Similarly Situated,
2
                    Plaintiff,
3
   v.
4
   AFFYMETRIX, INC, JAMI DOVER
5  NACHTSHEIM, FRANK WITNEY,
   NELSON C. CHAN, GARY S. GUTHART,
6  RICCARDO PIGLIUCCI, MERILEE
   RAINES, ROBERT H. TRICE, THERMO
7  FISHER SCIENTIFIC, INC. and WHITE
   BIRCH MERGER CO.,
8
                    Defendants.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                16-cv-00921-WHO

**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Steven Merola, Jeffrey S. L. Cheah, and Gerald Douglas, by their counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 23(e) for an order: (1) granting preliminary approval of the proposed Settlement; (2) granting provisional certification of the Settlement Class for the purposes of settlement; (3) approving the proposed form of notice and directing dissemination of notice to the Settlement Class; (4) schedule a date for the Settlement Hearing; and (5) such other and further relief as this Court deems just and proper.[1]  The Motion is set for hearing at 2.00 p.m. on August 17, 2016, in the courtroom of the Honorable William H. Orrick, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. Defendants have reviewed this Notice of Unopposed Motion, Unopposed Motion, and the accompanying Memorandum of Points and Authorities in Support thereof, and have indicated that they do not intend to oppose this Motion.  A proposed Order Preliminarily Approving Settlement and Providing for Notice is also submitted herewith.

The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in Support thereof; the Stipulation of Settlement dated July 29, 2016 filed herewith (ECF No. 38); all other pleadings and papers filed in this action; and such matters as may be presented to the Court before or at the time of the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Court should preliminarily approve the Settlement and schedule a Settlement Hearing;

2.    Whether the court should preliminarily certify the Settlement Class under Rule 23 of the Federal Rules of Civil Procedures ("Rule 23"); and

3.    Whether the Court should approve the form and substance of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice"), as well as the

---

[1]    Unless otherwise stated, capitalized terms have the same meaning as in the Stipulation.

16-cv-00921-WHO

1 | proposed method of disseminating notice.

2 | DATED: July 29, 2016                    **FARUQI & FARUQI, LLP**
                                          */s/ Barbara A. Rohr*

3 |

4 |                                          Barbara A. Rohr

5 |                                          *Attorneys for Plaintiff Gerald Douglas*

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# TABLE OF CONTENTS

I.      INTRODUCTION ..........................................................................................1

II.     SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS ...........2

        A.      Plaintiffs' Claims and Allegations ..................................................2

        B.      Procedural History and Lead Counsel's Investigation ....................2

III.    THE PROPOSED TERMS OF SETTLEMENT ..........................................6

        A.      The Settlement Class Definition ....................................................6

        B.      Settlement Consideration ..............................................................7

                1.      Supplemental Disclosures Regarding the Sales Process, ..................7

                2.      Supplemental Disclosures Regarding Affymetrix's Financial
                        Projections and Morgan Stanley's Valuations .................................10

        C.      Release Provisions ......................................................................12

        D.      Attorneys' Fees and Reimbursement of Expenses .......................13

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS
        APPROPRIATE ......................................................................................13

        A.      The Settlement Approval Process ................................................13

        B.      The Proposed Settlement Meets the Requirements for Preliminary
                Approval .....................................................................................14

                1.      The Consideration Offered in Settlement .......................................15

                2.      The Extent of Discovery Completed and the Stage of the
                        Proceedings ................................................................................15

                3.      The Proposed Settlement Resulted from Arms' Length
                        Negotiations and Did Not Involve Any Collusion ..........................15

V.      PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS UNDER
        RULE 23 IS APPROPRIATE ....................................................................16

        A.      The Settlement Class Members Are So Numerous that Joinder Is
                Impracticable ..............................................................................17

        B.      Common Questions of Law or Fact Exist......................................17

        C.      Plaintiffs' Claims are Typical of Those of the Settlement Class.................18

        D.      Plaintiffs Are Adequate Representatives of the Settlement Class ...............18

16-cv-00921-WHO

E.      The Requirements of Rule 23(b)(3) Are Also Satisfied ...............................19

**VI.    THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE CONSTITUTIONALLY SOUND AND APPROPRIATE ..........................................20**

**VII.   PROPOSED SCHEDULE ......................................................................................21**

**VIII.  CONCLUSION..........................................................................................................22**

1

**TABLE OF AUTHORITIES**

**Cases**

2

3
*Alberto v. GMRI,*
   No. Civ. 07-1895 WBS DAD, 2008 WL 4891201 (E.D. Cal. Nov. 12, 2008) ......................... 16

4
*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ...................................................................................... 18

5

6
*Bellows v. NCO Financial Sys., Inc.*,
   No. 3:07-CV-01413-W-AJB, 2008 WL 5458986 (S.D. Cal. Dec. 10, 2008) .......................... 16

7
*Browing v. Yahoo! Inc.*,
   No., C04-01463 HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006)...................................... 14

8

9
*Gantler v. Stephens*, 965 A.2d 695 (Del. 2009)........................................................................... 10

*Gen. Tel. Co. of Southwest v. Falcon*,
10
   457 U.S. 147 (1982) ...................................................................................... 18

11
*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ........................................................................ 14

12

13
*In re Applied Micro Circuits Corp. Sec. Litig.*,
   No. 01-cv-0649 (KAJB), 2003 WL 25419526 (S.D. Cal. July 15, 2003) ............................... 17

14
*In re Bioclinica, Inc. S'holder Litig.*,
   No. 8272-VCG, 2013 Del. Ch. LEXIS (Del. Ch. Feb. 25, 2013).............................................. 11

15

16
*In re Cement and Concrete Antitrust Litig.*,
   817 F.2d 1435 (9th Cir. 1987) ........................................................................ 21

17
*In re Complete Genomics Inc. S'holder Litig.*, Del. Ch., Consol. C.A. 7888, Laster, V.C. (Del. Ch.
   Nov. 9, 2012)............................................................................................. 9
18

19
*In re Del Monte Foods Co. S'holders Litig.*, 25 A.3d 813 (Del. Ch. 2011) ....................................... 8

*In re Equity Funding Corp. of Am Sec. Litig.*,
20
   603 F.2d 1353 (9th Cir. 1979) ........................................................................ 21

21
*In re Heritage Bond Litig.*,
   No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004).............................. 17

22
*In re John Q. Hammons Hotels Inc. S'holder Litig.*, 2009 WL 3165613 (Del. Ch. Oct. 2, 2009)...... 8
23
*In re MONY Grp. Inc. S'holder Litig.*, 852 A.2d 9 (Del. Ch. 2004)................................................. 10

24
*In re Netsmart Technologies, Inc. S'holders Litig.*, 924 A.2d 171 (Del. Ch. 2007)......................... 11

25
*In re Omnivision Tech., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)............................................................ 13
26

27
*Laborers Local 235 Benefit Funds v. Starent Networks, Corp.*, 2009 Del. Ch. LEXIS 210,

28

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

iii

(Del. Ch. Nov. 18, 2009) ............................................................................... 11

*Linney v. Cellular Alaska P'ship*,
    No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. Jul. 18, 1997) ........................ 14

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) .......................................................................... 14

*Rodriguez v. Carlson*,
    166 F.R.D. 465 (E.D. Wash. 1996) ................................................................... 17

*Schaefer v. Overland Express Family of Funds*,
    169 F.R.D. 124 (S.D. Cal. 1996) ..................................................................... 18

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .......................................................................... 13

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ........................................................................... 21


**Statutes**

Fed. R. Civ. P. 23(a) ........................................................................................ 17

Fed. R. Civ. P. 23(b) ........................................................................................ 19


**Other Authorities**

*Manual for Complex Litigation, Fourth*   (2004). ............................................. 20

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

iv

## I.      INTRODUCTION

Plaintiffs Steven Merola, Jeffrey S. L. Cheah, and Gerald Douglas (collectively, "Plaintiffs") respectfully submit this memorandum in support of their unopposed motion for an order preliminarily approving the proposed settlement ("Settlement") of the above-captioned actions captioned (1) *Gerald Douglas v. Frank Witney, et al.*, No. 16-cv-00921 (the "*Douglas* Action"), pending in this Court; (2) *Steven Merola v. Affymetrix Inc., et al.*, Case No. 16CV1237 (the "Second *Merola* Action"), pending in this Court; and (3) *Jeffrey S. L. Cheah v. Affymetrix, Inc., et al.*, No. 16-cv-01253 (the "Second *Cheah* Action"), pending in this Court (collectively, the "Actions") embodied in the Stipulation of Settlement dated July 29, 2016 ("Stipulation") filed contemporaneously herewith.[2] The Stipulation is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims, upon terms and subject to the conditions set forth therein.  The proposed Settlement was reached after the parties engaged in hard-fought and arm's length settlement negotiations.  Based on a thorough understanding of the facts and the law, the parties agreed to the proposed Settlement.  If approved, the Settlement will fully resolve the Actions filed in 2016 on behalf of a class of persons and entities who held the common stock of Affymetrix, Inc. ("Affymetrix" or the "Company") at any time during the period beginning on and including August 12, 2015 through and including March 31, 2016 ("Settlement Class").

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed Settlement is within the range of what might be found to be fair, reasonable, and adequate so that notice of the proposed Settlement can be given to Settlement Class members and a hearing scheduled to consider final settlement approval. The Settlement clearly meets these criteria. As explained in detail below, the proposed Settlement provided substantial benefits to Affymetrix stockholders.

For all the reasons discussed herein, Plaintiffs respectfully submit that this Court should grant preliminary approval of the Settlement and direct Notice to the Settlement Class.  Plaintiffs

---

[2]      Unless otherwise stated, capitalized terms have the same meaning as in the Stipulation.  The Stipulation is annexed as Exhibit 1 to the accompanying Declaration of Barbara Rohr.

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    respectfully request that the Court also schedule a final approval hearing to determine whether the

2    proposed Settlement, and Plaintiffs' counsel's request for attorneys' fees and reimbursement of

3    expenses, should be finally approved as fair, reasonable and adequate.

4    **II.      SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS**

5              **A.      <u>Plaintiffs' Claims and Allegations</u>**

6              The complaints filed in each of the Actions allege that, among other things, the members of

7    the Affymetrix Board of Directors (the "Board") breached their fiduciary duties owed to the

8    Company's public stockholders in negotiating and approving the agreement and plan of merger

9    (the "Merger Agreement") pursuant to which Thermo Fisher Scientific Inc. ("Thermo Fisher")

10   would acquire all outstanding shares of Affymetrix, through White Birch Merger Co., and, in

11   return, Affymetrix shareholders would receive $14.00 in cash for each share of Affymetrix they

12   owned (the "Merger").  Plaintiffs brought the Actions on behalf of all record holders and beneficial

13   owners of Affymetrix common stock challenging the Merger. Plaintiffs alleged that the Board

14   members breached their fiduciary duties by failing to maximize shareholder value and failing to

15   disclose all material information concerning the Merger, and that the other Defendants aided and

16   abetted the alleged breaches of fiduciary duty and that the Board and Company violated §§ 14(a)

17   and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a),

18   78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9.  Plaintiffs sought, among other things, to enjoin

19   the consummation of the proposed Merger.  Defendants have denied and continue to deny each

20   and all of the claims and contentions alleged by the Plaintiffs in the Actions.

21             **B.      <u>Procedural History and Lead Counsel's Investigation</u>**

22             On January 8, 2016, Affymetrix and Thermo Fisher entered into the Merger Agreement

23   pursuant to which Thermo Fisher would acquire all outstanding shares of Affymetrix, through

24   White Birch Merger Co., and, in return, Affymetrix shareholders would receive $14.00 in cash for

25   each share of Affymetrix they owned (the "Merger").

26

27

28

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2

1    On January 19, 2016, Mr. Steven Merola ("Merola") filed the *Merola* Action against

2 Defendants challenging the Merger on behalf of a putative class of public shareholders of

3 Affymetrix.

4    On January 20, 2016, Ms. Betty Greenberg ("Greenberg") filed a related putative class

5 action (the *Greenberg* Action) against the same Defendants on behalf of the same putative class.

6    On January 26, 2016, Mr. Jeffrey S. L. Cheah ("Cheah") filed a related putative class action

7 (the *Cheah* Action) against the same Defendants on behalf of the same putative class.

8    On January 27, 2016, Mr. Robert Cox ("Cox") filed a related putative class action (the *Cox*

9 Action) against the same Defendants on behalf of the same putative class.

10    On February 3, 2016, Affymetrix filed a preliminary proxy statement on Schedule 14A (the

11 "Preliminary Proxy") with the Securities and Exchange Commission (the "SEC") describing the

12 terms of the Merger.

13    On February 18, 2016, Cheah filed an amended complaint alleging, among other things, that

14 the Board breached its fiduciary duties to the Company's public stockholders in negotiating and

15 approving the Merger Agreement by failing to maximize shareholder value and failing to disclose

16 all material information concerning the Merger, and that the other Defendants aided and abetted the

17 alleged breaches of fiduciary duty and seeking, among other things, an injunction enjoining the

18 consummation of the Merger.

19    All of the foregoing actions were filed in the Superior Court of the State of California for the

20 County of Santa Clara ("Superior Court").

21    On February 24, 2016, Mr. Gerald Douglas filed a related putative class action in this Court

22 (the *Douglas* Action) against many of the same Defendants[3] on behalf of the same putative class.

23    On February 24, 2016, Affymetrix filed with the SEC a definitive proxy statement ("Proxy")

24 disclosing, among other things, the Affymetrix Board of Directors' (the "Board") unanimous

25 recommendation that Affymetrix shareholders vote for the adoption of the Merger Agreement, that

26

27    _____

[3] The *Douglas* Action does not name Thermo Fisher or White Birch Merger Co. as defendants.

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    the shareholder vote would take place on March 24, 2016, unless delayed, and certain information
2    supporting the Board's recommendation.

3            On February 26, 2016, Merola and Cheah and Defendants executed a stipulated, proposed
4    confidentiality order that was filed that day and entered by the Superior Court on March 3, 2016.

5            Also on February 26, 2016, Defendants voluntarily produced documents to counsel for
6    Plaintiffs in the *Merola* Action and *Cheah* Action, consisting of (a) confidential presentations
7    prepared by Affymetrix's financial advisor that were delivered to Affymetrix's board of directors
8    between August 2015 and January 2016 with respect to the Merger, (b) minutes of board of
9    directors meetings between August 2015 and January 2016 with respect to the transaction, and (c)
10   confidential presentations delivered by members of Affymetrix management to potential bidders
11   with respect to the transaction, presentations that included management's financial projections for
12   Affymetrix's business.

13           In the same approximate time-frame, and subject to confidentiality agreements,   Defendants
14   voluntarily provided documentary and deposition discovery to plaintiffs in the *Greenberg* and *Cox*
15   actions, both of whom subsequently dismissed their actions voluntarily and without receipt of any
16   compensation or other consideration.

17           On March 9, 2016, after Plaintiffs' counsel made a discovery demand, Defendants produced
18   the same documents to counsel for Plaintiff in the *Douglas* Action.

19           On March 10, 2016, Plaintiffs in the *Merola* Action and *Cheah* Action sent to counsel for
20   Affymetrix a letter demanding that Affymetrix make certain further disclosures to shareholders
21   prior to the shareholder vote.

22           On March 11, 2016, after reviewing the discovery, Plaintiff in the *Douglas* Action sent to
23   counsel for Defendants a similar letter demanding that Affymetrix take certain actions, including
24   making certain further disclosures to shareholders, prior to the shareholder vote.

25           During this period, counsel to the Parties had a series of good faith and arm's-length
26   discussions about the terms and conditions of a potential resolution of the Actions in which

27

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  Affymetrix would agree to make certain additional disclosures regarding the Merger Agreement

2  (the "Supplemental Disclosures") as part of a supplement to the Proxy.

3      On March 14, 2016, Merola voluntarily withdrew the *Merola* Action previously filed in

4  Superior Court, and filed the Second *Merola* Action in this Court alleging, among other things, that

5  the Board breached its fiduciary duties to the Company's public stockholders in negotiating and

6  approving the Merger Agreement by failing to maximize shareholder value and failing to disclose

7  all material information concerning the Merger, and that the other Defendants aided and abetted the

8  alleged breaches of fiduciary duty and seeking, among other things, an injunction enjoining the

9  consummation of the proposed Merger.

10     On March 14, 2016, Cheah filed the Second *Cheah* Action in this Court alleging, among

11 other things, that the Board breached its fiduciary duties to the Company's public stockholders in

12 negotiating and approving the Merger Agreement by failing to maximize shareholder value and

13 failing to disclose all material information concerning the Merger, and that the other Defendants

14 aided and abetted the alleged breaches of fiduciary duty and seeking, among other things, an

15 injunction enjoining the consummation of the proposed Merger.  On March 16, 2016, Cheah

16 withdrew the *Cheah* Action previously filed in the Superior Court.

17     On March 15, 2016, following further negotiations, counsel for the Parties reached an

18 agreement in principle providing for the settlement of the Actions and  executed a Memorandum of

19 Understanding ("MOU") setting forth the key terms of the Settlement, subject to confirmatory

20 discovery among other conditions, including an agreement by the Defendants that Affymetrix

21 would promptly make certain additional disclosures about the transaction that would be filed that

22 same day (the "Proxy Supplement").  The Proxy Supplement was filed accordingly.

23     Between March 18 and March 22, 2016, Origin Technologies Corporation, LLC ("Origin")

24 made putative proposals to acquire Affymetrix at a price above $14.00 per share.  The Affymetrix

25 Board engaged in discussions with Origin between March 23 and March 28, 2016.  On March 28,

26 2016, Origin withdrew its offer to acquire Affymetrix.  These developments were described by

27 Affymetrix in public filings with the SEC on March 21, 2016, March 24, 2016, and March 29, 2016.

28

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

5

1    On March 25, 2016, Plaintiffs sent a detailed request for confirmatory discovery on

2 numerous topics concerning the Affymetrix Board's consideration and negotiation of the Merger

3 and seeking numerous categories of documents including, among other things, copies of Board

4 minutes, financial presentations, diligence presentations, drafts of the Merger Agreement, and

5 documents regarding the Origin proposals.

6    Between March 31 and June 2, 2016, Defendants produced over 5,500 pages of

7 confirmatory discovery responsive to Plaintiffs' requests, including additional board presentations,

8 board meeting minutes, and email correspondence, as well as copies of transcripts from the two

9 depositions taken in the *Cox* Action and *Greenberg* Action.   In addition, Plaintiffs took the

10 following deposition: (i) Affymetrix's Board Chair at the time of the Merger (May 10, 2016); (ii)

11 Affymetrix's CEO at the time of the Merger (May 19, 2016); and (iii) a managing director of

12 Affymetrix's financial advisor in connection with the Merger, Morgan Stanley (June 2, 2016).[4]

13    By Order dated July 14, 2016, all three pending actions were related by this Court.

14    After reaching an agreement in principle regarding the relief to the Settlement Class, the

15 parties began preparing the settlement documents, including the Stipulation, Notice, and the

16 proposed orders granting final approval and entering final judgment.   Over the next several weeks,

17 the parties exchanged drafts of the settlement documents.   The parties finalized and executed the

18 Stipulation of Settlement on July 29, 2016.

19 **III.     THE PROPOSED TERMS OF SETTLEMENT**

20    **A.     The Settlement Class Definition**

21    The "Settlement Class" means a non-opt out class consisting of all record holders and

22 beneficial owners of Affymetrix common stock at any time during the period beginning on and

23

24

25

26

---

27 [4] On March 31, 2016, the Merger was completed and Affymetrix became a wholly-owned subsidiary of Thermo Fisher.

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   including August 12, 2015 through and including March 31, 2016, the date of the consummation

2   of the Merger.[5]

3   **B.      Settlement Consideration**

4   The complaints alleged that Defendants failed to disclose all material facts regarding the

5   sales process undertaken by the Board and critical financial data relied on by the Board to approve

6   the Merger and utilized by its financial advisor, Morgan Stanley, to render its fairness opinion

7   regarding the Merger.   As a direct result of Plaintiffs' prosecution of class claims, Defendants

8   distributed the Supplemental Disclosures to Affymetrix shareholders in a Proxy Supplement filed

9   with the U.S. Securities and Exchange Commission (the "SEC") on March 15, 2016, prior to the

10  shareholder vote on the Merger conducted on March 31, 2016.  *See* Stipulation, Ex. A.  Defendants

11  acknowledge that the filing and prosecution of the Actions by Plaintiffs were the primary cause of

12  the Supplemental Disclosures.

13  **1.      Supplemental Disclosures Regarding the Sales Process**

14  The Supplemental Disclosures included information regarding potential conflicts including:

15  (i) information regarding the background of the Merger and the sales process that led to the Merger,

16  such as how many prospective buyers were contacted by Morgan Stanley, Affymetrix's financial

17  advisor, to determine if they were interested in a potential acquisition of Affymetrix, and the timing

18  and scope of information provided to various prospective buyers; (ii) certain inputs and assumptions

19  underlying the financial analyses of Morgan Stanley, Affymetrix's financial advisor, in support of

20  its fairness opinion, including additional information regarding the assumptions underlying the

21  *Selected Comparable Companies Analysis,* and the assumptions underlying the *Discounted Cash*

22  ─────────────────
    [5]      Included in the Settlement Class are any and all of their respective successors in interest,
23  predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees,
    immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any
24  of them, and each of them.  Excluded from the Class are the Defendants, members of the
    immediate family of any individual Defendant, any entity in which a Defendant has or had a
25  controlling interest, officers of the Defendants, and the respective successors in interest,
    predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees,
26  immediate or remote, of any such excluded person. The Settlement Class shall be certified for
    settlement purposes pursuant to Federal Rules of Civil Procedure, Rule 23 as a mandatory non-opt
27  out class.

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*Flow Analysis*; (iii) certain inputs and assumptions underlying the financial projections prepared by Affymetrix management, and (iv) information regarding Morgan Stanley's ownership of less than 2% of the outstanding common stock of Thermo Fisher, as well as its ongoing engagements with Thermo Fisher, and fees received in those engagements.

Importantly, Defendants disclosed the basis for the Board's engagement of Morgan Stanley (Stipulation, Ex. A, 2, the ongoing efforts to review Morgan Stanley's potential conflicts that could arise through its relationships with the bidders that were involved in the sales process, including Thermo Fisher (Stipulation, Ex. A, 3,5 ), and the equity position Morgan Stanley held in Thermo Fisher.  Stipulation, Ex. A, 5.  The additional information regarding a potential conflict of interest was necessary for shareholders to consider even if Affymetrix's Board approved the conflict. Stockholders are entitled to consider for themselves whether a conflict of interest is present. "There is no rule, however, that conflicts of interest must be disclosed only where there is evidence that the financial advisor's opinion was actually affected by the conflict."  *In re John Q. Hammons Hotels Inc. S'holder Litig.*, 2009 WL 3165613, at *16 (Del. Ch. Oct. 2, 2009).  Even where these potential conflicts did not lead to a failure to adequately advise Affymetrix, the information was material and must be disclosed.  *See In re Del Monte Foods Co. S'holders Litig.*, 25 A.3d 813, 832 (Del. Ch. 2011) ("Because of the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives, this Court has required full disclosure of investment banker compensation and potential conflicts."); *John Q. Hammons Hotels.*, 2009 WL 3165613, at *16 ("This Court, however, has stressed the importance of disclosure of potential conflicts of interest of financial advisors. . . . It is imperative that stockholders be able to decide for themselves what weight to place on a conflict faced by the financial advisor.").

The Supplemental Disclosures further confirmed that Board members had not elevated their self-interest above shareholder interests during the negotiating process by negotiating special and unique benefit of continued lucrative employment packages post-merger. (Stipulation, Ex. A,

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

8

4).  Plaintiffs also negotiated the disclosure of additional information regarding the process taken by the Company in negotiating the Merger.  First, the Supplemental Disclosures disclosed that:

> "Thermo Fisher has not entered into any new employment agreements with any officers or directors of Affymetrix or made any formal offers to enter into any such new employment agreements with any officers or directors of Affymetrix. After execution of the Merger Agreement, Thermo Fisher indicated that it is analyzing whether it intends to extend offers of employment to some or all of Affymetrix' officers."

This information was necessary for stockholders to understand the interests of management and the Board, as that information can provide illumination concerning any motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.  *See In re Complete Genomics Inc. S'holder Litig.*, Del. Ch., Consol. C.A. 7888-VCL, at *20 (Del. Ch. Nov. 9, 2012) (finding that communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed); *In re Atheros Communications, Inc.*, 2011 WL 864928 at *12 (Del. Ch. Mar. 4, 2011) (holding that "[k]nowledge that, even though specific terms were not elicited until later in the process, [an insider] was aware that he would receive an offer of employment from [a specific buyer] at the same time he was negotiating . . . would be important to a reasonable shareholder's decision regarding the [t]ransaction").

Second, the Supplemental Disclosures corrected a material omission concerning the negotiation of a 4.5% termination fee payable to Thermo Fisher.  This percentage appeared unusually high when compared to the termination fees of the transactions analyzed in Morgan Stanley's *Select Precedent M&A Transactions Analysis*.  The Supplemental Disclosures disclosed that:

> The principal open item was the amount of the "breakup fee" (also referred to herein as the "termination fee") payable to Thermo Fisher if the agreement were terminated under certain circumstances. Thermo Fisher had come down from its original proposal framed as 4.5% of fully diluted equity value (equivalent to approximately $66 million) to $60 million, while Affymetrix had come up from its original proposal framed as 2.5% of fully diluted equity value (equivalent to approximately $37 million) to $50 million. The Board directed Affymetrix management and its financial and legal advisors to try to resolve the fee at $55 million, which was within the range of termination fees (on a percentage of equity basis) in precedent transactions.

Stipulation, Ex. A, 3.

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

9

1    Additionally, the Supplemental Disclosures explained in detail the rationale for entering

2    into the exclusivity agreement with Thermo Fisher at the December 28, 2015 Board meeting, a

3    time when Companies A and B had submitted what appeared to be competitive proposals, *i.e.*, that

4    in fact each proposal was dependent on obtaining outside financing which likely would protract the

5    negotiations and could jeopardize the proposal from Thermo Fisher. (Stipulation, Ex. A, 3).

6    When a company "'travel[s] down the road of partial disclosure of the history leading up to

7    the Merger …, [it has] an obligation to provide the stockholders with an accurate, full, and fair

8    characterization of those historic events.'"  *See In re MONY Grp. Inc. S'holder Litig.*, 852 A.2d 9,

9    25 (Del. Ch. 2004).   Such facts relating to the sale and negotiation process are material to

10   shareholders, and must be disclosed because they are critical to a determination regarding the

11   adequacy or inadequacy of the Company's negotiations for the best price on behalf of

12   shareholders. *See, e.g., Gantler v. Stephens*, 965 A.2d 695, 710-11 (Del. 2009).  These additional

13   disclosures corrected a material omission regarding the negotiation of the Merger Agreement.

14   **2.      Supplemental Disclosures Regarding Affymetrix's Financial Projections

15          and Morgan Stanley's Valuations**

16    The Supplemental Disclosures further provided shareholders with critical non-public

17   financial data concerning Company's future prospects on which the Board and Morgan Stanley

18   relied, and the specific assumptions and inputs from Morgan Stanley's valuations of the Merger

19   that were reviewed with and relied on by the Board to recommend the Merger.

20    In particular, the Company's two sets of internal projections, the "Base Case" and the

21   "Unrisked Upside Case" did not fully disclose certain critical line items and the manner in which

22   certain non-GAAP line items were determined.   Plaintiffs obtained the disclosure of additional

23   projected financial information and the manner in which free cash flows were determined taking

24   into account the treatment of additional projected expenses such stock based compensation.

25   Stipulation, Ex. A,  5-7 . The additional financial information and reconciliation of projected  non-

26   GAAP financial data  is mandated under SEC regulations and allowed shareholders accurately and

27   completely to weigh and understand the rational for the Board's recommendation. Furthermore,

28   management's financial projections are material to stockholders because they are "the best

16-cv-00921-WHO

Plaintiffs' Notice of Motion, Motion, and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement

10

1   estimate of the company's future returns." *See In re Netsmart Technologies, Inc. S'holders Litig.*,

2   924 A.2d 171, 203 (Del. Ch. 2007).  When the Company disclosed only the a portion of their

3   forecast, as well as how and why different cases were prepared, Affymetrix made only a partial

4   disclosure that was materially misleading to stockholders by omission.  *See In re Bioclinica, Inc.*

5   *S'holder Litig.*, 2013 Del. Ch. LEXIS, at *18 (Del. Ch. Feb. 25, 2013) (finding the omission of

6   financial projections a material omission sustaining injunctive relief).  Plaintiff submits that the

7   Supplemental Disclosures provided a substantial benefit by correcting this material omission.

8         The Supplemental Disclosures provided shareholders with additional inputs and

9   assumptions utilized by Morgan Stanley to render its fairness opinion to the Board including: (i)

10  with respect to the Discounted Cash Flow Analysis, the manner of calculating unlevered free cash

11  flows (Stipulation, Ex. A, 5 ) and that Morgan Stanley calculated equity value using net cash of

12  $116 million, not net debt as disclosed in the Proxy; (ii) with respect to the Comparable

13  Companies Analysis, an explanation that the rational for utilizing Affymetrix's adjusted EBITDA

14  rather than unadjusted EBITDA, which was used to calculate pricing multiples for the selected

15  companies, was to account for Affymetrix's use of stock based compensation, which was larger in

16  relation to unadjusted EBITDA than its peers; and for both the Comparable Companies Analysis

17  and Selected Precedent M&A Transactions Analysis, disclosure of the     adjustments used to

18  determined equity values based on the Base Case and Unrisked Upside Case Company projections

19  (Stipulation, Ex. A, 4, 5).   All of this information is material to a reasonable Affymetrix

20  stockholder.  The disclosure of the DCF analysis is material to Affymetrix's stockholders because

21  "the discounted cash flow analysis [is] arguably the most important valuation metric" for a

22  company's stockholders.  *Laborers Local 235 Benefit Funds v. Starent Networks, Corp.*, C.A. No.

23  5002-CC, 2009 Del. Ch. LEXIS 210, at *1-2 (Del. Ch. Nov. 18, 2009).  The omitted information

24  permitted stockholders to assess whether Morgan Stanley's inputs were reasonable, and assisted

25  them in determining the inherent value of the Company for themselves.   The additional

26  information is also material, and necessary to fully inform stockholders making a voting decision.

27

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1 *See Netsmart*, 924 A.2d at 203-04 (requiring disclosure of the key attributes of financial analyses

2 underlying a banker's fairness opinion).

3      Affymetrix stockholders, among other disclosures, also received the benefit of disclosure of

4 Morgan Stanley's method of calculating equity value for the other various financial analyses,

5 including the *Affymetrix Selected Comparable Companies Analysis*, *Affymetrix Discounted Equity*

6 *Value Analysis*, *Select Precedent M&A Transactions Analysis*, and *Premia Paid Analysis*. Without

7 the benefit of this additional disclosure, the Proxy materially misled Affymetrix stockholders by

8 disclosing only a partial summary of each analysis, omitting a key attribute of each. *See Netsmart*,

9 924 A.2d at 203-04 (requiring disclosure of the key attributes of financial analyses underlying a

10 banker's fairness opinion).

11      Plaintiffs submit that the Supplemental Disclosures provided a substantial benefit by

12 disclosing material facts to Affymetrix shareholders before the vote on the Merger, the omission of

13 which made the Proxy materially misleading.

14     **C.**    **Release Provisions**

15      Upon the Effective Date, as defined paragraphs 6.1 and 1.5 of the Stipulation, the

16 Releasing Parties, as defined in paragraph 1.13 of the Stipulation, shall fully, finally, and forever

17 release and discharge Defendants and all of their respective present or past heirs, executors,

18 estates, administrators, predecessors, successors, assigns, parents, subsidiaries, families, associates,

19 affiliates, divisions, joint ventures, employers, employees, agents, consultants, past, present, or

20 future directors, managing directors or officers, general or limited partners or partnerships,

21 principals, limited liability companies, members, attorneys, bankers, consultants, trustees, insurers,

22 co-insurers, excess insurers or reinsurers, accountants, financial and other advisors, investment

23 bankers, commercial bankers, underwriters, lenders, auditors, and any other representative of any

24 of these persons or entities, and any entity in which any of the Defendants or any members of a

25 Defendant's family has a controlling interest, or any trust of which any Defendant is the settlor or

26 which is for the benefit of any Defendant or member of his or her family (the "Released Parties")

27

28

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

12

1   from the Released Claims, as defined in paragraph 1.13 of the Stipulation, whether or not such

2   Released Parties were named, served with process, or appeared in the Actions.

3   Upon the Effective Date, each of the Released Parties shall be deemed to have, and by

4   operation of the Judgment shall have, completely released all claims, liabilities, allegations or

5   sanctions relating to the subject matter of the Actions that they have or may have against Plaintiffs,

6   Plaintiffs' Counsel and the Settlement Class, including any claims that relate in any way to the

7   institution, investigation, prosecution, assertion, settlement, or resolution of the Actions; provided,

8   however, that the Released Parties shall retain the right to enforce the terms of the Stipulation, the

9   Settlement, and the MOU.

10   ## D.   Attorneys' Fees and Reimbursement of Expenses

11   Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees and expenses in

12   an amount not to exceed $1,000,000. *See* Stipulation, at ¶ 5.1. Affymetrix, its successor and/or

13   assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants, have agreed to

14   pay fees and expenses as may be awarded by the Court up to $1,000,000 to a firm to be designated

15   by Plaintiffs' Counsel as receiving agent for Plaintiffs' Counsel within fifteen  (15) business days

16   of the later of (i) the entry of the Court's order approving the Settlement and dismissing the

17   *Douglas* Action with prejudice and any action consolidated with or related to the *Douglas* Action

18   filed in the Northern District of California; and (ii) the entry of the Court's order awarding such

19   fees.

20   ## IV.   PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

21

22   ### A.   The Settlement Approval Process

23   Rule 23(e) requires that before a class action is dismissed or compromised, notice of the

24   proposed dismissal or compromise must be given in the manner directed by the Court and judicial

25   approval must be obtained. To that end, the Court must find that the proposed settlement is

26   "fundamentally fair, adequate, and reasonable." *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d

27   1036, 1040 (N.D. Cal. 2008) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003)

28   (internal citations omitted)).  A settlement agreement is presumptively fair if it "was reached in

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

13

1    arm's length negotiations, after relevant discovery had taken place." *Linney v. Cellular Alaska*

2    *P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. Jul. 18, 1997).

3          Moreover, the Ninth Circuit has a policy favoring settlement, "particularly in class action

4    suits." *Omnivision,* 559 F. Supp. 2d at 1041; *see also Officers for Justice v. Civil Serv. Comm'n*,

5    688 F.2d 615, 625 (9th Cir. 1982) (stating that "it must not be overlooked that voluntary

6    conciliation and settlement are the preferred means of dispute resolution.  This is especially true in

7    complex class action litigation[.]").  The court's inquiry into the settlement agreement is ultimately

8    limited to the extent necessary to make a judgment that the agreement is not "the product of fraud

9    or overreaching by, or collusion between, the negotiating parties." *Omnivision*, 559 F.Supp. 2d at

10   1041 (internal citations omitted). Thus, the court "need not reach the merits of the case or form

11   conclusions about the underlying questions of law or fact" in determining the fairness,

12   reasonableness and adequacy of a settlement agreement.  *Id.*

13         **B.**    <u>**The Proposed Settlement Meets the Requirements for Preliminary Approval**</u>

14         At the preliminary approval stage, the Court must conduct a "prima facie review of the

15   relief and notice" provided by the settlement agreement before the Court orders notice to be sent.

16   *Browing v. Yahoo! Inc.*, No., C04-01463 HRL, 2006 WL 3826714, at *7 (N.D. Cal. Dec. 27,

17   2006).  The court must find the release to be "fair and reasonable" and the notice to be "adequate."

18   *Id*. at *7-8.  Ultimately, in making a final determination of whether the proposed Settlement is fair,

19   adequate, and reasonable, the Court will balance some or all of the following factors:

20           [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely
21           duration of further litigation; the risk of maintaining class action status throughout
             the trial; the amount offered in settlement; the extent of discovery completed and
22           the state of the proceedings; the experience and views of counsel; the presence of
             a governmental participant; and the reaction of the class members to the proposed
23           settlement.

24   *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Consideration of these factors

25   shows that the proposed Settlement now before the Court falls squarely within the range of

26   reasonableness warranting notice of the proposed Settlement to Settlement Class Members and

27   scheduling a final approval hearing.

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

14

1   Plaintiffs believe that the case had merit at the time of signing the MOU and that they had

2   evidence to establish Defendants' liability.   Nevertheless, Plaintiffs recognize that, were they to

3   continue prosecution of this action, they would face substantial risks.   For their part, Defendants

4   have denied the material allegations of the Complaint and have vigorously asserted that Affymetrix

5   shareholders have not sustained any damages as a result of the alleged misconduct.   In view of

6   these factors, without a settlement, Plaintiffs and the Settlement Class faced a very real risk in this

7   case that they could not rectify their claims without the Settlement.   In all events, protracted and

8   highly complex further litigation without a reasonably predictable outcome would ensue if this

9   case were not resolved at this time.

10   **1.   The Consideration Offered in Settlement**

11   As discussed in detail above, the Supplemental Disclosures provided substantial benefits to

12   the Settlement Class by providing additional information that assisted Affymetrix stockholders in

13   deciding whether to vote in favor of the Merger, or exercise their dissenters' rights under Delaware

14   law.   The value of the Supplemental Disclosures was significant in this case because Affymetrix

15   stockholders had the benefit of this additional information as of March 15, 2016, more than two

16   weeks before the March 31, 2016, stockholder vote on the Merger.

17   **2.   The Extent of Discovery Completed and the Stage of the Proceedings**

18   The parties reached the proposed Settlement after substantial negotiations. Plaintiffs

19   conducted discovery and confirmatory discovery, including document production and depositions

20   of key witnesses. Thus, Plaintiffs' Counsel conducted a thorough examination regarding the

21   impact of Defendants' alleged conduct and were able to act intelligently in negotiating the

22   proposed Settlement.

23   **3.   The Proposed Settlement Resulted from Arms' Length Negotiations and
    Did Not Involve Any Collusion**

24

25   The Settlement is the result of informed, arm's length and hard-fought negotiations

26   between Plaintiffs' Counsel and Defendants' counsel.   There can be no claim of collusion here.

27

28

1    Moreover, counsel for each party is experienced and thoroughly familiar with the factual

2    and legal issues.   Courts recognize that the opinion of experienced and informed counsel

3    supporting a settlement is entitled to considerable weight.  *See Bellows v. NCO Financial Sys.,*

4    *Inc.*, No. 3:07-CV-01413-W-AJB, 2008 WL 5458986, at *8 (S.D. Cal. Dec. 10, 2008) (finding that

5    "it is the considered judgment of experienced counsel that this settlement is a fair, reasonable, and

6    adequate settlement of the litigation, which should be given great weight"); *see also Alberto v.*

7    *GMRI*, No. Civ. 07-1895 WBS DAD, 2008 WL 4891201, at *10 (E.D. Cal. Nov. 12, 2008) (stating

8    that "when approving class action settlements, the court must give considerable weight to class

9    counsel's opinions due to counsel's familiarity with the litigation and its previous experience with

10   class action lawsuits").

11   For the reasons summarized above, Plaintiffs' Counsel believe, based on their experience,

12   knowledge of the strengths and weaknesses of the case, and all other factors considered in

13   evaluating proposed class action settlements, that the proposed Settlement is fair, reasonable, and

14   adequate and in the best interests of Settlement Class Members.

15   **V.      PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS UNDER**
16   **RULE 23 IS APPROPRIATE**

17   For the sole purpose of implementing the proposed Settlement, Plaintiffs seek and

18   Defendants agree to the certification of a Settlement Class defined as a non-opt out class consisting

19   of all record holders and beneficial owners of Affymetrix common stock at any time during the

20   period beginning on and including August 12, 2015 through and including March 31, 2016, the

21   date of the consummation of the Merger. Before a class may be certified, the following

22   requirements of Rule 23(a) must be satisfied: (a) the class is so numerous that joinder of all class

23   members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims

24   or defenses of the representative parties are typical of the claims or defenses of the class; and (d)

25   the representative parties will fairly and adequately protect the interests of the class. *See Hanlon,*

26   150 F.3d at 1019.

27   As discussed below, certification of a settlement class is appropriate here.

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**A.**     **The Settlement Class Members Are So Numerous that Joinder Is Impracticable**

While the precise number of Settlement Class Members is unknown, the number certainly exceeds any number considered practical for joinder. As alleged in the *Cheah* Complaint, as of October 26, 2015, Affymetrix had approximately 79 million shares of common stock outstanding. Indeed, courts routinely hold that Rule 23(a)'s numerosity requirement is satisfied under similar facts. *See In re Applied Micro Circuits Corp. Sec. Litig.*, No. 01-cv-0649 (KAJB), 2003 WL 25419526, at *8 (S.D. Cal. July 15, 2003) (finding numerosity where the company issued millions of shares and the class is presumed to have thousands of members). From this information, one may conclude that there are likely thousands of members in the Settlement Class. The threshold for a presumption of impracticability is thus easily met. *See Hanlon*, 150 F.3d at 1019.

**B.**     **Common Questions of Law or Fact Exist**

In order to maintain a class action, there must be "questions of law or fact common to the class . . . ." Fed. R. Civ. P. 23(a)(2) (emphasis added). Construed liberally like the other Rule 23 requirements, commonality does not "require all questions of law and fact to be common." *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *14 (C.D. Cal. July 12, 2004) (finding that "it is not necessary that every issue of law or fact be identical"); *see also Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996).

This case presents numerous common questions of both law and fact. Here, questions of law and fact common to all Settlement Class members include:

        a)    Whether the federal securities laws were violated by Defendants' acts as alleged in Plaintiffs; complaints;

        b)    Whether Defendants breached their fiduciary duties of due care, good faith, loyalty, and candor to Affymetrix stockholders and the Settlement Class; and

        c)    Whether Plaintiffs and the other members of the Settlement Class would suffer irreparable injury were the Merger consummated without the Supplemental Disclosures.

1      **C.    Plaintiffs' Claims are Typical of Those of the Settlement Class**

2            A plaintiff's claims will be deemed typical if "they are reasonably co-extensive with those

3      of absent class members; they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020; *see*

4      *also Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 128-29 (S.D. Cal. 1996)

5      (finding that typicality was met even though defendant claimed that the vast majority of shares

6      were purchased by institutional investors rather than small investors and that plaintiff relied on oral

7      representations of his broker).  The heart of the inquiry is whether the representative's claims and

8      the class claims are interrelated so that class treatment is economical. *See Gen. Tel. Co. of*

9      *Southwest v. Falcon*, 457 U.S. 147 (1982).

10           Here, Plaintiffs' claims are similar to the claims of the other Settlement Class members.

11     Defendants' alleged course of conduct described in Plaintiffs' complaints uniformly affected all

12     Settlement Class members, as they each allegedly suffered economic injury from the materially

13     incomplete and misleading statements of fact made by Defendants in the Proxy, or by material

14     facts omitted from the Proxy that would have made the Proxy not misleading.  Thus, the typicality

15     requirement of Rule 23(a)(3) is met.

16     **D.    Plaintiffs Are Adequate Representatives of the Settlement Class**

17           The purpose of the adequacy requirement is to "uncover conflicts of interest between

18     named parties and the class they seek to represent."  *Amchem Prods., Inc. v. Windsor*, 521 U.S.

19     591, 594 (1997). The factors relevant to a determination of adequacy are: (1) the absence of

20     potential conflicts between the named plaintiffs and their counsel with other class members; and

21     (2) that counsel chosen by the representative parties is qualified, experienced and able with the

22     named plaintiffs to vigorously conduct the litigation.  *See Hanlon*, 150 F.3d at 1020.

23           There are no apparent conflicts of interest between the Plaintiffs and the absent Settlement

24     Class members.  Plaintiffs stood in the same shoes as the Settlement Class members with the same

25     incentives to maximize the recovery. Indeed, Plaintiffs have been committed to the vigorous

26     prosecution of this action from the outset and have reached a resolution that they believe is in the

27     best interests of the Settlement Class.  Plaintiffs have shown that they are more than adequate

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  representatives.  Moreover, Plaintiffs' Counsel are experienced class action attorneys, have been

2  appointed as lead counsel in numerous class actions nationwide, and have successful track records

3  in litigating class actions of this type.  Plaintiffs' Counsel are qualified, experienced, and able to

4  adequately represent the proposed Settlement Class.

5        **E.**       **The Requirements of Rule 23(b)  Are Also Satisfied**

6          In addition to meeting all of the requirements of Rule 23(a), the proposed Settlement Class

7  also satisfies both Rules 23(b)(1) and (b)(2).   Rule 23(b)(1) authorizes class certification if

8  "prosecuting separate actions by or against individual members would create a risk of: (A)

9  inconsistent or varying adjudications with respect to individual class members that would establish

10  incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect

11  to individual class members that, as a practical matter, would be dispositive of the interests of the

12  other members not parties to the individual adjudications or would substantially impair or impede

13  their ability to protect their interests[.]"  Fed. R. Civ. P. 23(b)(1).  Rule 23(b)(2) authorizes class

14  certification if "the party opposing the class has acted or refused to act on grounds that apply

15  generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate

16  respecting the class as a whole[.]"   Fed. R. Civ. P. 23(b)(2).  A class certified under Rule 23(b)(1)

17  or (b)(2) is mandatory and members of the settlement class ***may not*** opt out.  *See Wal-Mart Stores,*

18  *Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011).

19          Here, because all Settlement Class members are former Affymetrix stockholders who were

20  impacted by the Merger, there is a substantial risk of varying or inconsistent results if the Settlement

21  Class is not certified.   For example, while one court may find that Defendants violated the

22  Exchange Act in connection with the Merger, another court may reach the opposite conclusion.  The

23  possibility of conflicting court orders concerning the claims asserted by Plaintiffs on behalf of the

24  Settlement Class shows that certification is warranted under Rule 23(b)(1).  *See e.g., In re China*

25  *Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. CV 11-2768 PSG (SSx), 2013 U.S. Dist. LEXIS

26  155091, at \*18 (C.D. Cal. Oct. 25, 2013) ("It would be inefficient to have individual members of

27  the Class—who are likely geographically dispersed, given that CIL was a publicly-traded

28  company—bring separate claims in scattered courts across the country.  Such fragmentation would .

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

19

1   . . create a risk of inconsistent judgments."); *see also In re Nationwide Fin. Servs. Litig.*, No.: 2:08-

2   CV-00249, 2009 U.S. Dist. LEXIS 126962, at *30 (S.D. Ohio Aug. 18, 2009) ("Here absent class

3   certification, the various Shareholder Actions filed against Defendants could result inconsistent

4   judgments, e.g., regarding whether the transaction should or should not proceed.").

5          The Court may also certify a class under Rule 23(b)(2) "if the party opposing the class has

6   acted or refused to act on grounds generally applicable to the class, thereby making appropriate

7   final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

8   *Rodriguez v. Countrywide Home Loans, Inc.*, 695 F.3d 360, 365 (5th Cir. 2012).  Here, Defendants

9   have acted on grounds generally applicable to the proposed Settlement Class members, as the

10  Proxy was disseminated to the entire Settlement Class prior to the Merger and the Merger affected

11  all Affymetrix stockholders in the same way.  Further, the relief obtained—dissemination of the

12  Supplemental Disclosures—benefitted all members of the Settlement Class equally.  As a result of

13  the Settlement, Defendants agreed to disseminate the material Supplemental Disclosures to

14  Affymetrix stockholders prior to the stockholders vote, and thus all Affymetrix stockholders were

15  able to make an informed decision whether to vote for or against the Merger.  Accordingly, a

16  mandatory non opt-out class should be certified under Rules 23(b)(1) and (b)(2).

17  **VI.     THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE**

18  **        CONSTITUTIONALLY SOUND AND APPROPRIATE**

19         Preliminary approval of the proposed Settlement permits notice to be given to the

20  Settlement Class Members of a hearing on final settlement approval, at which they and the settling

21  parties may be heard with respect to final approval.  *See Manual for Complex Litigation, Fourth*

22  ("Manual 4th") § 13.14 (2004).  Here, the parties propose that notice be given principally by U.S.

23  mail.  *See* Stipulation, ECF No. 38, at ¶ 3.3.

24         The proposed form of mailed notice (Exhibit C to the Stipulation), provides the following

25  details of the Stipulation to prospective Settlement Class Members in a fair, concise and neutral

26  way the background and procedural history of this litigation, including the claims asserted against

27  the defendants; a summary of the settlement terms, including the specific Supplemental

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

20

Disclosures; an explanation of the persons and claims being released under the Settlement; a detailed explanation of reasons for the Settlement; a description of the Settlement Class; the date, time and place of the hearing for final approval; a statement of the Settlement Class members' right to appear and object with or without counsel and the procedures which must be followed to be heard; a statement that Plaintiffs' Counsel intend to petition for an award of attorneys' fees and expenses, and whom to contact if more information about the Settlement is desired. .

The means and forms of notice proposed here constitute valid and sufficient notice to the Settlement Class, the best notice practicable under the circumstances, and comply fully with the requirements of Rule 23 and due process. *See e.g.*, *In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435, 1440 (9th Cir. 1987), *rev'd on other grounds*, 490 U.S. 93 (1989) (stating that "notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard'") (internal citation omitted); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993); *In re Equity Funding Corp. of Am Sec. Litig.*, 603 F.2d 1353, 1361 (9th Cir. 1979) (directing that class notice must "present a fair recital of the subject matter and proposed terms" and provide "an opportunity to be hear to all class members") (internal citation omitted).

## VII.   PROPOSED SCHEDULE

Plaintiffs respectfully request the Court to schedule the dates required by, and set forth in the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, which Plaintiffs will present to the Court at the hearing on August 17, 2016.  Specifically, Plaintiffs request the Court schedule the following dates:

| |
|---|
| Last day to complete mailing of Notice and Proof of Claim Form. |
| (30 calendar days after entry of the Preliminary Approval Order – Preliminary Approval Order, ¶ 6) |
| Last day for filing and serving papers in support of final approval of the proposed Settlement, and the applications for Fee and Expense Awards. |
| (21 calendar days before the Settlement Hearing – |

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

21

| | |
|---|---|
| Preliminary Approval Order, ¶ 11) | |
| Last day for Settlement Class Members to submit comments in support of, or in opposition to, the proposed Settlement, and the applications for Fee and Expense Awards.<br><br>(14 calendar days before the Settlement Hearing – Preliminary Approval Order, ¶ 10) | |
| Last day for filing and serving papers in response to objections to the proposed Settlement, and the applications for Fee and Expense Awards.<br><br>(7 calendar days before the Settlement Hearing – Preliminary Approval Order, ¶ 11) | |
| Final Approval Hearing<br><br>At the Court's convenience, but no fewer than 100 calendar days after the date of this Motion | |

## VIII.   CONCLUSION

The proposed Settlement is presumptively fair and presents no obvious deficiencies. Accordingly, the Court should grant preliminary approval of the proposed Settlement and enter an order substantially in the form of the accompanying [Proposed] Order Preliminarily Approving Settlement and Providing for Notice.

DATED: July 29, 2016                    Respectfully submitted,

/s/ Barbara A. Rohr
Barbara A. Rohr
FARUQI & FARUQI, LLP
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: ( 424) 256-2885

James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY  10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

22

1

*Counsel for Plaintiff Gerald Douglas*

2

Leigh A. Parker

3

WEISSLAW LLP
1516 South Bundy Drive, Suite 309

4

Los Angeles, CA 90025
Telephone: (310) 208-2800

5

Facsimile: (310) 209-2348

6

Richard A. Acocelli

7

WEISSLAW LLP
1500 Broadway 16th Floor

8

New York, NY  10036
Telephone: (212) 979-7109

9

Facsimile: (212) 682-3010

10

*Counsel for Plaintiff Jeffrey S. L. Cheah*

11

Adam McCall

12

LEVI & KORSINSKY LLP
445 South Figueroa Street, 31st Floor

13

Los Angeles, CA 90071
Telephone: (213) 985-7290

14

Facsimile: (202) 333-2121

15

Donald J. Enright

16

LEVI & KORSINSKY LLP
1101 30th Street NW, Suite 115

17

Washington, DC 20007
Telephone:  202-524-4290
Facsimile:   202-333-2121

18

19

*Counsel for Plaintiff Steven Merola*

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on July 29, 2016, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system, which will send notification of such filing to the e-mail

4  addresses denoted on the Electronic Mail Notice List.

5

6  Dated: July 29, 2016                    By: */s/ Barbara A. Rohr*

7                                                Barbara A. Rohr

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16-cv-00921-WHO

PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
24