# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD DOUGLAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>                    Defendants. | Case No. 3:16-cv-00921-WHO<br><br><br>**STIPULATION OF SETTLEMENT** |
| STEVEN MEROLA, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>                    Defendants. | Related Case No. 4:16-cv-01237-WHO |
| JEFFREY S.L. CHEAH, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>AFFYMETRIX, INC, JAMI DOVER NACHTSHEIM, FRANK WITNEY, NELSON C. CHAN, GARY S. GUTHART, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT H. TRICE, THERMO FISHER SCIENTIFIC, INC. and WHITE BIRCH MERGER CO.,<br><br>                    Defendants. | Related Case No. 3:16-cv-1253-WHO |

This Stipulation of Settlement (the "Stipulation") is made and entered into by and among the following Parties[1]: (i) plaintiffs Steven Merola, Jeffrey S. L. Cheah, and Gerald Douglas (collectively, "Plaintiffs") and (ii) defendants Affymetrix, Inc. ("Affymetrix" or the "Company"), Jami Dover Nachtsheim, Frank Witney, Nelson C. Chan, Gary S. Guthart, Riccardo Pigliucci, Merilee Raines, Robert H. Trice (the "Individual Defendants" and together with the Company, the "Affymetrix Defendants"), Thermo Fisher Scientific Inc. ("Thermo Fisher"), and White Birch Merger Co. (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their respective undersigned attorneys, in the actions captioned (1) *Gerald Douglas v. Frank Witney, et al.*, No. 16-cv-00921 (the "*Douglas* Action"), pending in this Court; (2) *Steven Merola v. Affymetrix Inc., et al.*, Case No. 16CV1237 (the "Second *Merola* Action"), pending in this Court; and (3) *Jeffrey S. L. Cheah v. Affymetrix, Inc., et al.*, No. 16-cv-01253 (the "Second *Cheah* Action"), pending in this Court (collectively, the "Actions").  The Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon terms and subject to the conditions set forth herein.[2]

## I.   THE LITIGATION

On January 8, 2016, Affymetrix and Thermo Fisher entered into an agreement and plan of merger (the "Merger Agreement") pursuant to which Thermo Fisher would acquire all outstanding shares of Affymetrix, through White Birch Merger Co., and, in return, Affymetrix shareholders would receive $14.00 in cash for each share of Affymetrix they owned (the "Merger").

On January 19, 2016, Mr. Steven Merola ("Merola") filed the *Merola* Action against Defendants challenging the Merger on behalf of a putative class of public shareholders of Affymetrix.

On January 20, 2016, Ms. Betty Greenberg ("Greenberg") filed a related putative class action (the *Greenberg* Action) against the same Defendants on behalf of the same putative class.

---

[1] Capitalized terms used herein are defined in Section IV(1) below unless otherwise noted.

[2] Steven Merola and Jeffrey Cheah both initially filed suit in the Superior Court of the State of California for the County of Santa Clara (the "State Court"), in actions with the following docket numbers, respectively: Case No. 16CV290267 (the "Merola Action"), and Case No. 16CV290794 (the "Cheah Action").  Both actions were dismissed voluntarily on March 16, 2016.

On January 26, 2016, Mr. Jeffrey S. L. Cheah ("Cheah") filed a related putative class action (the *Cheah* Action) against the same Defendants on behalf of the same putative class.

On January 27, 2016, Mr. Robert Cox ("Cox") filed a related putative class action (the *Cox* Action) against the same Defendants on behalf of the same putative class.

On February 3, 2016, Affymetrix filed a preliminary proxy statement on Schedule 14A (the "Preliminary Proxy") with the Securities and Exchange Commission (the "SEC") describing the terms of the Merger.

On February 18, 2016, Cheah filed an amended complaint alleging, among other things, that the Board breached its fiduciary duties to the Company's public stockholders in negotiating and approving the Merger Agreement by failing to maximize shareholder value and failing to disclose all material information concerning the Merger, and that the other Defendants aided and abetted the alleged breaches of fiduciary duty and seeking, among other things, an injunction enjoining the consummation of the Merger.

All of the foregoing actions were filed in the Superior Court of the State of California for the County of Santa Clara ("Superior Court").

On February 24, 2016, Mr. Gerald Douglas filed a related putative class action in this Court (the *Douglas* Action) against many of the same Defendants[3] on behalf of the same putative class.

On February 24, 2016, Affymetrix filed with the SEC a definitive proxy statement ("Proxy") disclosing, among other things, the Affymetrix Board of Directors' (the "Board") unanimous recommendation that Affymetrix shareholders vote for the adoption of the Merger Agreement, that the shareholder vote would take place on March 24, 2016, unless delayed, and certain information supporting the Board's recommendation.

On February 26, 2016, Merola and Cheah and Defendants executed a stipulated, proposed confidentiality order that was filed that day and entered by the Superior Court on March 3, 2016.

---

[3] The *Douglas* Action does not name Thermo Fisher or White Birch Merger Co. as defendants.

STIPULATION OF SETTLEMENT
3:16-CV-00921-WHO;  4:16-CV-01237-WHO; 3:16-CV-1253-WHO

Also on February 26, 2016, Defendants voluntarily produced documents to counsel for Plaintiffs in the *Merola* Action and *Cheah* Action, consisting of (a) confidential presentations prepared by Affymetrix's financial advisor that were delivered to Affymetrix's board of directors between August 2015 and January 2016 with respect to the proposed transaction, (b) minutes of board of directors meetings between August 2015 and January 2016 with respect to the transaction, and (c) confidential presentations delivered by members of Affymetrix management to potential bidders with respect to the transaction, presentations that included management's financial projections for Affymetrix's business.

On March 9, 2016, Defendants produced the same documents to counsel for Plaintiff in the *Douglas* Action.

In the same approximate time-frame, and subject to confidentiality agreements, Defendants voluntarily provided documentary and deposition discovery to plaintiffs in the *Greenberg* and *Cox* actions, both of whom subsequently dismissed their actions voluntarily and without receipt of any compensation or other consideration.

On March 10, 2016, Plaintiffs in the *Merola* Action and *Cheah* Action sent to counsel for Affymetrix a letter demanding that Affymetrix make certain further disclosures to shareholders prior to the shareholder vote.

On March 11, 2016, Plaintiff in the *Douglas* Action sent to counsel for Defendants a similar letter demanding that Affymetrix take certain actions, including making certain further disclosures to shareholders, prior to the shareholder vote.

During this period, counsel to the Parties had a series of good faith and arm's-length discussions about the terms and conditions of a potential resolution of the Actions in which Affymetrix would agree to make certain additional disclosures regarding the Merger Agreement (the "Supplemental Disclosures") as part of a supplement to the Proxy.

On March 14, 2016, Merola voluntarily withdrew the *Merola* Action previously filed in Superior Court, and filed the Second *Merola* Action in this Court alleging, among other things, that the Board breached its fiduciary duties to the Company's public stockholders in negotiating and approving the Merger Agreement by failing to maximize shareholder value and failing to

disclose all material information concerning the Merger, and that the other Defendants aided and abetted the alleged breaches of fiduciary duty and seeking, among other things, an injunction enjoining the consummation of the proposed Merger.

On March 14, 2016, Cheah filed the Second *Cheah* Action in this Court alleging, among other things, that the Board breached its fiduciary duties to the Company's public stockholders in negotiating and approving the Merger Agreement by failing to maximize shareholder value and failing to disclose all material information concerning the Merger, and that the other Defendants aided and abetted the alleged breaches of fiduciary duty and seeking, among other things, an injunction enjoining the consummation of the proposed Merger.  On March 16, 2016, Cheah withdrew the *Cheah* Action previously filed in the Superior Court.

On March 15, 2016, following further negotiations, counsel for the Parties reached an agreement in principle providing for the settlement of the Actions and  executed a Memorandum of Understanding ("MOU") setting forth the key terms of the Settlement, subject to confirmatory discovery among other conditions, including an agreement by the Defendants that Affymetrix would promptly make certain additional disclosures about the transaction that would be filed that same day (the "Proxy Supplement").  The Proxy Supplement was filed accordingly.

Between March 18 and March 22, 2016, Origin Technologies Corporation, LLC ("Origin") made putative proposals to acquire Affymetrix at a price above $14.00 per share.  The Affymetrix Board engaged in discussions with Origin between March 23 and March 28, 2016.  On March 28, 2016, Origin withdrew its offer to acquire Affymetrix.  These developments were described by Affymetrix in public filings with the SEC on March 21, 2016, March 24, 2016, and March 29, 2016.

On March 25, 2016, Plaintiffs sent a detailed request for confirmatory discovery on numerous topics concerning the Affymetrix Board's consideration and negotiation of the Merger and seeking numerous categories of documents including, among other things, copies of Board minutes, financial presentations, diligence presentations, drafts of the Merger Agreement, and documents regarding the Origin proposals.

Between March 31 and June 2, 2016, Defendants produced over 5,500 pages of confirmatory discovery responsive to Plaintiffs' requests, including additional board presentations, board meeting minutes, and email correspondence, as well as copies of transcripts from the two depositions taken in the *Cox* Action and *Greenberg* Action.  In addition, Plaintiffs took the following depositions: (i) Affymetrix's Board Chair at the time of the Merger (May 10, 2016); (ii) Affymetrix's CEO at the time of the Merger (May 19, 2016); and (iii) a managing director of Affymetrix's financial advisor in connection with the Merger, Morgan Stanley (June 2, 2016).

By Order dated July 14, 2016, all three pending actions were related by this Court.

The Settlement set forth herein reflects the results of the Parties' negotiations and was reached after arm's-length negotiations between the Parties, all of whom were represented by counsel with extensive experience and expertise in shareholder class action litigation.  All Parties represent that, during the negotiations, they had a clear view of the strengths and weaknesses of their respective claims and defenses.  Plaintiffs' Counsel represent that they have engaged and consulted extensively with their financial expert for the purpose of evaluating and prosecuting the claims in the Actions and in connection with the settlement set forth in this Stipulation. In light of the foregoing, and having analyzed the confirmatory discovery discussed above, Plaintiffs and Plaintiffs' Counsel have concluded that the Supplemental Disclosures, in addition to later disclosures noted above in connection with the Origin proposals, provided Affymetrix shareholders with information sufficient to make a fully informed decision as to whether to vote in favor of the Merger.

## II.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs' entry into the Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Actions and Plaintiffs believe that the Supplemental Disclosures resulting from the Settlement conferred substantial benefits on the Settlement Class in that they permitted the Company's shareholders to make a fully informed decision with respect to the Merger; and based on their evaluation and the information they have obtained, Plaintiffs and

STIPULATION OF SETTLEMENT
3:16-CV-00921-WHO;  4:16-CV-01237-WHO; 3:16-CV-1253-WHO

Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of Plaintiffs and the Settlement Class.

### III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants maintain that they have committed no violations of law or breaches of fiduciary duty whatsoever, nor aided and abetted any violations of law or breaches of fiduciary duty, including in connection with the Merger, the Merger Agreement, and the Proxy Supplement.  Defendants are agreeing to the terms and conditions set forth in this Stipulation solely because they contend and believe that the proposed Settlement would eliminate the burden, risk, and expense of further litigation of the Actions.  Defendants have determined that it is desirable and beneficial to them that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation, and contend and believe that it is in the best interests of Affymetrix's former shareholders.

### IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (individually and on behalf of the Settlement Class), and Defendants, by and through their attorneys of record, subject to the approval of the Court, that the Actions and the Released Claims shall be finally and fully compromised, settled, and released, and the Actions shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation as follows:

**1.  Definitions**

As used in the Stipulation, the following terms have the meanings specified below:

1.1    "Actions" means the class actions brought by Plaintiffs, individually and on behalf of Affymetrix's public shareholders, captioned (1) *Gerald Douglas v. Frank Witney, et al.*, No. 16-cv-00921 (N.D. Cal.); (2) *Steven Merola v. Affymetrix Inc., et al.*, Case No. 16CV290267 (Cal. Super. Ct.); (3) *Jeffrey S. L. Cheah v. Affymetrix, Inc., et al.*, Case No. 16CV290794 (Cal. Super. Ct.); (4) *Steven Merola v. Affymetrix Inc., et al.*, Case No. 16CV1237 (N.D. Cal.); and (5) *Jeffrey S. L. Cheah v. Affymetrix, Inc., et al.*, No. 16-cv-01253 (N.D. Cal.).

1.2     "Court" means the United States District Court for the Northern District of California.

1.3     "Defendants" means Affymetrix, Jami Dover Nachtsheim, Frank Witney, Nelson C. Chan, Gary S. Guthart, Riccardo Pigliucci, Merilee Raines, Robert H. Trice, Thermo Fisher, and White Birch Merger Co.

1.4     "Defendants' Counsel" means Wachtell, Lipton, Rosen & Katz, McManis Faulkner, and Davis Polk & Wardwell LLP.

1.5     "Effective Date" means the first date by which all of the events and conditions specified in paragraph 6.1 hereof have been met and have occurred.

1.6     "Final" means: (i) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation, substantially in the form of Exhibit D attached hereto.

1.7     "Judgment" means the Final Order and Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.8     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing that will be mailed to members of the Settlement Class by Defendants, substantially in the form attached hereto as Exhibit C.

1.9     "Parties" means, collectively, each of the Defendants and the Plaintiffs, individually and on behalf of the Settlement Class.

1.10    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1      1.11    "Plaintiffs" means Steven Merola, Jeffrey S. L. Cheah, and Gerald Douglas.

2      1.12    "Plaintiffs' Counsel" means Faruqi & Faruqi LLP, WeissLaw LLP, and Levi &

3  Korsinsky LLP.

4      1.13    "Released Claims" means all rights, actions, causes of action, suits, debts, dues,

5  sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills,

6  specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments,

7  extensions, executions, claims, and demands whatsoever, whether known or unknown,

8  contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed,

9  matured or unmatured, that have been, could have been, or in the future could be or might be

10  asserted, by or on behalf of Plaintiffs and any or all members of the Settlement Class in their

11  capacity as shareholders of Affymetrix and all of their respective present or past heirs, executors,

12  estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates,

13  affiliates, employers, employees, agents, consultants, directors, managing directors, officers,

14  partners, partnerships, principals, limited liability companies, members, attorneys, bankers,

15  consultants, trustees, insurers, co-insurers, reinsurers, accountants, financial and other advisors,

16  investment bankers, underwriters, lenders, auditors, and any other representatives of any of these

17  persons or entities (the "Releasing Parties"), including, without limitation, any claims, whether

18  individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in

19  any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory

20  or common law, local statutory or common law, or any law, rule or regulation, including the law

21  of any jurisdiction outside the United States (including allegations of fraud, fraud in the

22  inducement, breach of the duty of care, breach of the duty of loyalty, breach of the duty of

23  disclosure, breach of the duty of good faith, breach of any other duty, misrepresentation, or

24  omission, negligence or gross negligence, "quasi-appraisal," breach of contract, breach of trust,

25  corporate waste, ultra vires actions, unjust enrichment, aiding and abetting, violations of federal

26  or state securities law, or otherwise), that relate in any way to (i) the Merger Agreement or the

27  Merger or any amendment thereto; (ii) the fiduciary and other duties owed by Defendants and

28  the Released Parties to shareholders of Affymetrix in connection therewith; (iii) Defendants'

8

disclosure obligations under federal, state, or any other law in connection with the Merger Agreement or the Merger; (iv) the adequacy of the consideration to be paid to Affymetrix shareholders in connection with the Merger or any amendment thereto; (v) the negotiations in connection with the Merger Agreement, or any amendment thereto, including any alleged deal protection devices, (vi) the alleged aiding and abetting of any breach of fiduciary duty in connection with the Merger Agreement or the Merger; (vii) any alleged improper personal benefit, conflict of interest, improper payments of any remuneration or employment benefits to any individual made in connection with the Merger Agreement or the Merger; (viii) the allegations in the Actions; and (ix) any other claim related in any way to any of the foregoing; provided, however, that the Released Claims shall not include claims by the Parties to enforce the terms of the Stipulation and the Settlement, and the MOU.

1.14    "Released Parties" means Defendants and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, families, associates, affiliates, divisions, joint ventures, employers, employees, agents, consultants, past, present, or future directors, managing directors or officers, general or limited partners or partnerships, principals, limited liability companies, members, attorneys, bankers, consultants, trustees, insurers, co-insurers, excess insurers or reinsurers, accountants, financial and other advisors, investment bankers, commercial bankers, underwriters, lenders, auditors, and any other representative of any of these persons or entities, and any entity in which any of the Defendants or any members of a Defendant's family has a controlling interest, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant or member of his or her family.

1.15    "Settlement" means the resolution of the Action as contemplated and set forth herein.

1.16    "Settlement Class" means a non-opt-out class consisting of all record holders and beneficial owners of Affymetrix common stock at any time during the period beginning on and including August 12, 2015 through and including March 31, 2016, the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors,

representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Settlement Class are the Defendants, members of the immediate family of any individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate or remote, of any such excluded person. The Settlement Class shall be certified for settlement purposes pursuant to Federal Rules of Civil Procedure, Rule 23 as a mandatory non-opt-out class.

   1.17 "Stipulation" means this Stipulation of Settlement and the exhibits attached hereto and incorporated herein by reference.

   1.18 "Supplemental Disclosures" means the clarifying and supplemental disclosures sought by Plaintiff and made by Affymetrix via Schedule 14A, and attached hereto as Exhibit A.

   1.19 "Unknown Claims" means any claim that the Releasing Parties and Released Parties do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' or Released Parties' decision to enter into the release; and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases, but that it is their intention, on their own behalf, and by operation of law the intention of members of the Settlement Class, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish and dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, heretofore existed, or may hereafter exist, and without regard to the discovery of additional or different facts.  The Releasing Parties and Released Parties shall be deemed to relinquish as to the claims released by any party to this agreement, to the extent applicable, and to the full extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code (provided below); and the Releasing Parties and Released Parties shall be deemed to waive as to the claims released by any party to this agreement any and all provisions, rights, and benefits

STIPULATION OF SETTLEMENT
3:16-CV-00921-WHO;  4:16-CV-01237-WHO; 3:16-CV-1253-WHO

conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement. The parties shall take all steps necessary to ensure the effectiveness of the provisions of this paragraph.

**2.   Settlement Consideration**

2.1     In consideration for the settlement and dismissal with prejudice or entry of judgment of the Actions and the releases provided herein, Affymetrix made the Supplemental Disclosures in a Proxy Supplement on Form 14A on March 15, 2016.  See Exhibit A attached hereto.  Defendants acknowledge that the filing and prosecution of the Actions were the primary cause of the Supplemental Disclosures.  Defendants do not concede that the information contained in the Supplement Disclosures is material.

**3.   Preliminary Approval Order, Notice, and Settlement Hearing**

3.1     As soon as practicable upon execution of this Stipulation, Plaintiffs' Counsel shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit B hereto, requesting: (i) preliminary approval of the Settlement; (ii) certification of the Settlement Class, for settlement purposes only; (iii) approval of the form and content of the proposed notice of the Settlement; and (iv) a date for a hearing on final approval of the Settlement (the "Settlement Hearing").

3.2     Notice to the Settlement Class shall consist of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, substantially in the form attached hereto as Exhibit C.  Defendants shall bear all administrative and financial responsibility for providing notice to the Settlement Class.

3.3     Following the entry of the Preliminary Approval Order, Affymetrix or its successor(s) shall mail or cause the Notice to be mailed to all persons of record who held Affymetrix common stock at any time during the period from August 12, 2015 through and including March 31, 2016, the effective date of consummation of the Merger, as set forth in the books and records maintained by or on behalf of Affymetrix, at their respective addresses set forth in such records.  Prior to the Settlement Hearing, Affymetrix or its successor(s) shall file with the Court an appropriate affidavit or declaration with respect to preparing, mailing, and distributing of the Notice.

3.4     The Parties will present the Settlement to the Court for hearing and final approval as soon as reasonably practicable following appropriate notice to the members of the Settlement Class, and will use their individual and collective best efforts to obtain final approval of the Settlement and the dismissal of the Action with prejudice without costs to any party, except as expressly provided herein.

**4.   Releases**

4.1     Upon the Effective Date, per paragraphs 6.1 and 1.5, Releasing Parties, as defined in paragraph 1.13, shall fully, finally, and forever release and discharge Defendants and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, families, associates, affiliates, divisions, joint ventures, employers, employees, agents, consultants, past, present, or future directors, managing directors or officers, general or limited partners or partnerships, principals, limited liability companies, members, attorneys, bankers, consultants, trustees, insurers, co-insurers, excess insurers or reinsurers, accountants, financial and other advisors, investment bankers, commercial bankers, underwriters, lenders, auditors, and any other representative of any of these persons or entities, and any entity in which any of the Defendants or any members of a Defendant's family has a controlling interest, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant or member of his or her family (the "Released Parties") from the Released Claims, as defined in paragraph 1.13, whether or not such Released Parties were named, served with process, or appeared in the Actions.

4.2     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, completely released all claims, liabilities, allegations or sanctions relating to the subject matter of the Actions that they have or may have against Plaintiffs, Plaintiffs' Counsel and the Settlement Class, including any claims based upon or arising out of the institution, investigation, prosecution, assertion, settlement, or resolution of the Actions; provided, however, that the Released Parties shall retain the right to enforce the terms of the Stipulation, the Settlement, and the MOU.

**5.  Attorneys' Fees and Expenses**

5.1     After negotiating the substantive terms of the Settlement, the Parties negotiated a fair and reasonable sum to be paid for Plaintiffs' attorneys' fees and expenses.  As a result of the negotiations, Affymetrix, its successor and/or assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants, on behalf of itself and for the benefit of the other Defendants in the Actions, shall pay to Plaintiffs' Counsel such fees and expenses as may be awarded by the Court up to $1,000,000.  Any failure by the Court to approve the amount of such fees shall not affect the validity of the Settlement.  Affymetrix, its successor and/or assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants, shall pay the fees and expenses award to a firm to be designated by Plaintiffs' Counsel as receiving agent for Plaintiffs' Counsel within fifteen (15) business days of the later of (i) the entry of the Court's order approving the Settlement and dismissing the *Douglas* Action with prejudice and any action consolidated with or related to the *Douglas* Action filed in the Northern District of California; and (ii) the entry of the Court's order awarding such fees.  The payment of fees pursuant to this paragraph shall be subject to the joint and several obligation of Plaintiffs' Counsel to refund, within ten (10) business days, any amount due to be refunded, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the award of fees and reimbursement of expenses is reduced or reversed, or if the fee award ordered does not become final, if the Settlement itself is voided on any ground, or if the Settlement is later reversed by any court.  Defendants shall have no obligation or liability with respect to the allocation of fees among Plaintiffs' counsel.

13

5.2     Except as provided herein, the Released Parties shall bear no other expenses, costs, damages, or fees alleged or incurred by the Plaintiffs, by any member of the Settlement Class, or by any of their attorneys, experts, advisors, agents or representatives.

**6.   Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1     The Effective Date of the settlement shall be conditioned on the occurrence of the following events:

(a)     The dismissal with prejudice of the Actions and any other action consolidated with or related to them filed in the Northern District of California without the award of any damages, costs, fees, or the grant of any further relief except for the award of Plaintiffs' attorneys' fees and expenses pursuant to paragraph 5.2 of this Stipulation;

(b)     The entry of a final judgment in the Actions approving the Settlement and providing for the dismissal with prejudice of the Actions and approving the grant of a release by the Settlement Class to the Defendants of the Released Claims;

(c)     The inclusion in the final judgment of a provision enjoining all members of the Settlement Class from asserting any of the Released Claims; and

(d)     Such final judgment and dismissal of the Actions and any action consolidated with or related to them filed in the Northern District of California being finally affirmed on appeal or such final judgment and dismissal not being subject to appeal (or further appeal) by lapse of time or otherwise.

6.2     If all of the conditions specified in paragraph 6.1 hereof are not satisfied, then the Stipulation shall be canceled and terminated unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6.3     The Settlement and the Stipulation shall be null and void and of no force and effect if the Effective Date does not occur for any reason.  In such event, neither the MOU nor the Stipulation shall be admissible in evidence except to enforce their terms.  Further, in such

event, Plaintiffs reserve the right to pursue a petition for an award of attorney's fees and expenses in connection with the benefit provided to the Company's stockholders by the Supplemental Disclosures, and Defendants reserve the right to oppose such petition, *provided however*, that no party shall mention any term of the MOU or Stipulation in connection with any petition for award of attorney's fees and no agreement or negotiation between the parties relating to attorneys' fees between the parties shall be offered in support of or disclosed in connection with any such petition.

6.4     In the event the Settlement does not become final for any reason, any order of the Court regarding class certification shall be null and void, shall not be deemed to prejudice in any way the position of any Party with respect to this litigation, and Defendants reserve the right to oppose certification of any class in future proceedings.  In such event, neither the existence of the MOU or this Stipulation, nor their contents, shall be admissible in evidence or shall be referred to for any purpose in this litigation or in any other litigation or proceeding other than the Actions.

**7.  Miscellaneous Provisions**

7.1     All proceedings in the Actions, except for those proceedings related to the Settlement, shall be stayed until the resolution of all such Settlement-related proceedings.

7.2     The Parties also agree to use their best efforts to prevent, stay, or seek dismissal of any action initiated or maintained by any member of the Settlement Class in any other litigation against any of the Parties to this Stipulation, which challenges the Settlement, the Merger, or the Merger Agreement, or otherwise asserts a Released Claims.

7.3     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants or any Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Parties may file the Stipulation and/or the Judgment in any

15

action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4     Subject to the Order of the Court, pending final determination of whether the Settlement should be approved, Plaintiffs and all members of the Settlement Class, and any of them, are barred and enjoined from commencing, prosecuting, continuing to prosecute, instigating or in any way participating in the commencement, prosecution or continued prosecution of any action asserting any Released Claims, either directly, representatively, derivatively or in any other capacity, against any Released Parties.

7.5     Each Party severally acknowledges that no promise, inducement, or agreement not expressed herein has been made to it or him or her, that the Stipulation contains the entire agreement between or among the Parties concerning the matters described in the Stipulation, and, except as expressly provided in Paragraph 7.9, that there are no third-party beneficiaries to the Stipulation.

7.6     This Stipulation may be executed in counterparts by any of the signatories hereto, including by telecopier and, as so executed, shall constitute one agreement.

7.7     This Stipulation and the Settlement shall be governed by and construed in accordance with the laws of the State of California, without regard to California's principles governing choice of law.  The Parties agree that any dispute arising out of or relating in any way to this Stipulation or the Settlement shall not be litigated or otherwise pursued in any forum or venue other than the Court, and the parties expressly waive any right to demand a jury trial as to any such dispute.

7.8     Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees incurred in the Actions or in connection with this Settlement.  The Stipulation may be modified or amended only by a writing signed by all of the signatories hereto.

7.9     The Stipulation shall be binding upon and inure to the benefit of the Parties (including members of the Settlement Class) and their respective agents, executors, heirs,

1  successors, and assigns; provided that no Party shall assign or delegate its rights or

2  responsibilities under the Stipulation without the prior written consent of the other Parties hereto.

3  The Released Parties are intended third-party beneficiaries under the Stipulation entitled to

4  enforce the Stipulation in accordance with its terms.

5      7.10    Should any part of the Stipulation be rendered or declared invalid by a court of

6  competent jurisdiction, such invalidation of such part or portion of the Stipulation should not

7  invalidate the remaining portions thereof, and they shall remain in full force and effect.

8      7.11    Plaintiffs and Plaintiffs' Counsel represents and warrant that Plaintiffs has been

9  stockholders of Affymetrix throughout the period covered by the Actions and the Settlement and

10  that none of the claims or causes of action that are or could have been asserted in the Action have

11  been assigned, encumbered, or in any manner transferred in whole or in part.

12      IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed by

13  their duly authorized attorneys, dated as of July 29, 2016.

14

15  Dated: July 29, 2016                    DAVIS POLK & WARDWELL LLP

16

17                                          By: _Neal A. Potischman (w/permission)_

18                                          Neal A. Potischman (SBN 254862)
                                            DAVIS POLK & WARDWELL LLP
19                                          1600 El Camino Real
                                            Menlo Park, California 94025
20                                          Telephone: (650) 752-2000
                                            Facsimile: (650) 752-2111
21                                          neal.potischman@davispolk.com

22                                          *Counsel for Defendants Affymetrix, Inc. and*
                                            *Individual Defendants*

23

24

25

26

27

28

17

1    Dated:  July 29, 2016                    MCMANIS FAULKNER

2                                             By:  _William Faulkner (w/ permission)_

3                                                  William Faulkner
                                                  50 W. San Fernando St., 10th Floor
4                                                 San Jose, California 95113
                                                  Telephone: (408) 279-8700
5                                                 Facsimile: (408) 279-3244

6                                             *Counsel for Defendant Thermo-Fisher*
                                                *Scientific Inc.*
7

8

9

10

11

12

13   Dated:  July 29, 2016                    FARUQI & FARUQI LLP

14

15                                            By:  _____

16                                                 James M. Wilson, Jr.
                                                  685 Third Avenue, 26th Floor
17                                                New York, NY 10017
                                                  Telephone: (212) 983-9330
18                                                Facsimile: (212) 983-9331

19                                                 Barbara A. Rohr
                                                  10866 Wilshire Blvd., Suite 1470
20                                                Los Angeles, CA 90024
                                                  Telephone: (424) 256-2884
21                                                Facsimile: ( 424) 256-2885

22
                                              *Counsel for Plaintiff Gerald Douglas*
23

24

25

26

27

28

                                        18

Dated:  July 29, 2016                        WEISSLAW LLP


                                             By: *Leigh A. Parker (w/permission)*
                                             Leigh A. Parker
                                             1516 South Bundy Drive, Suite 309
                                             Los Angeles, CA 90025
                                             Telephone: (310) 208-2800
                                             Facsimile: (310) 209-2348

                                             Richard A. Acocelli
                                             1500 Broadway 16th Floor
                                             New York, NY 10036
                                             Telephone: (212) 682-3025
                                             Facsimile: (212) 682-3010

                                             *Counsel for Plaintiff Jeffrey S.L. Cheah*




Dated:  July 29, 2016                        LEVI & KORSINSKY LLP


                                             By: *Donald J. Enright (w/permission)*
                                             Adam McCall
                                             445 South Figueroa Street, 31st Floor
                                             Los Angeles, CA 90071
                                             Telephone: (213) 985-7290
                                             Facsimile: (202) 333-212 I

                                             Donald J. Enright
                                             1101 30th Street NW, Suite 115
                                             Washington, DC 20007
                                             Telephone: (202) 524-4290
                                             Facsimile: (202) 337-1567

                                             *Counsel for Plaintiff Steven Merola*

19

# EXHIBIT A

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, DC 20549

---

# SCHEDULE 14A
### (Rule 14a-101)

## INFORMATION REQUIRED IN PROXY STATEMENT
## SCHEDULE 14A INFORMATION

### Proxy Statement Pursuant to Section 14(a) of the
### Securities Exchange Act of 1934
### (Amendment No. 1)

---

Filed by the Registrant ☒                    Filed by a Party other than the Registrant ☐

Check the appropriate box:

☐   Preliminary Proxy Statement

☐   **Confidential, For Use of the Commission Only (as permitted by Rule 14a-6(e)(2))**

☐   Definitive Proxy Statement

☒   Definitive Additional Materials

☐   Soliciting Material Under Rule 14a-12

# AFFYMETRIX, INC.
### (Name of Registrant as Specified In Its Charter)

### (Name of Person(s) Filing Proxy Statement, if Other Than the Registrant)

---

Payment of Filing Fee (Check the appropriate box):

☒   No fee required.

☐   Fee computed on table below per Exchange Act Rules 14a-6(i)(1) and 0-11.

    (1)   Title of each class of securities to which transaction applies:

    (2)   Aggregate number of securities to which transaction applies:

    (3)   Per unit price or other underlying value of transaction computed pursuant to Exchange Act Rule 0-11 (set forth the amount on which the filing fee is calculated and state how it was determined):

    (4)   Proposed maximum aggregate value of transaction:

    (5)   Total fee paid:

☐   Fee paid previously with preliminary materials.

☐   Check box if any part of the fee is offset as provided by Exchange Act Rule 0-11(a)(2) and identify the filing for which the offsetting fee was paid previously. Identify the previous filing by registration statement number, or the form or schedule and the date of its filing.

(1)   Amount previously paid:

_____

(2)   Form, Schedule or Registration Statement No.:

_____

(3)   Filing Party:

_____

(4)   Date Filed:

_____

**AFFYMETRIX, INC.**
**3420 Central Expressway**
**Santa Clara, California 95051**

**SUPPLEMENT TO PROXY STATEMENT**
**FOR THE SPECIAL MEETING OF STOCKHOLDERS**
**TO BE HELD MARCH 24, 2016**

This is a supplement to the proxy statement dated February 24, 2016 (the "proxy statement") of Affymetrix, Inc. ("Affymetrix," "we," "our" or the "Company") that was mailed to you in connection with the solicitation of proxies for use at the special meeting of stockholders to be held at the offices of Affymetrix, 3380 Central Expressway, Santa Clara, California 95051, on March 24, 2016 at 9:00 a.m., local time. The purpose of the special meeting is (1) to consider and vote on a proposal to adopt and approve the Agreement and Plan of Merger, dated as of January 8, 2016, among Affymetrix, Thermo Fisher Scientific Inc. ("Thermo Fisher"), and White Birch Merger Co., a wholly owned subsidiary of Thermo Fisher ("merger sub"), as it may be amended from time to time (the "merger agreement"), pursuant to which merger sub will be merged with and into Affymetrix, with Affymetrix surviving the merger as a wholly owned subsidiary of Thermo Fisher (the "merger"); (2) to approve the adjournment or postponement of the special meeting, if necessary or appropriate, to solicit additional proxies in the event that there are not sufficient votes at the time of the special meeting to adopt and approve the merger agreement; and (3) to consider and vote on a proposal, on an advisory (non-binding) basis, to approve the compensation that may be paid or become payable to Affymetrix' named executive officers in connection with the merger, and the agreements and understandings pursuant to which such compensation may be paid or become payable, as described in the section entitled "The Merger—Interests of the Company's Directors and Executive Officers in the Merger— Compensation Proposal" of the proxy statement. The Affymetrix Board of Directors (the "Board") previously established February 18, 2016 as the record date for the purpose of determining the stockholders who are entitled to receive notice of, and to vote at (in person or by proxy), the special meeting.

The Board approved and adopted the merger agreement, the merger and the other transactions contemplated by the merger agreement and unanimously declared that the merger agreement, the merger and the other transactions contemplated by the merger agreement are advisable, fair to and in the best interests of the stockholders of Affymetrix. **THE BOARD UNANIMOUSLY RECOMMENDS THAT YOU VOTE FOR THE ADOPTION AND APPROVAL OF THE MERGER AGREEMENT, FOR THE PROPOSAL TO ADJOURN OR POSTPONE THE SPECIAL MEETING, IF NECESSARY OR APPROPRIATE, TO SOLICIT ADDITIONAL PROXIES AND FOR THE NON-BINDING ADVISORY PROPOSAL TO APPROVE COMPENSATION THAT MAY BE PAID OR BECOME PAYABLE TO OUR NAMED EXECUTIVE OFFICERS IN CONNECTION WITH THE MERGER. IF YOU HAVE NOT ALREADY SUBMITTED A PROXY FOR USE AT THE SPECIAL MEETING YOU ARE URGED TO DO SO PROMPTLY. NO ACTION IN CONNECTION WITH THIS SUPPLEMENT TO THE PROXY STATEMENT IS REQUIRED BY ANY STOCKHOLDER WHO HAS PREVIOUSLY DELIVERED A PROXY AND WHO DOES NOT WISH TO REVOKE OR CHANGE THAT PROXY. INFORMATION ABOUT VOTING OR REVOKING A PROXY APPEARS ON PAGES 15-16 OF THE PROXY STATEMENT.**

**Litigation Relating to the Merger**

Between January 19, 2016 and January 27, 2016, four substantially similar putative shareholder class action suits were filed by individual stockholders in the Superior Court of California in Santa Clara County against our directors. The complaints also name Thermo Fisher and merger sub as defendants. The cases are captioned *Steven Merola v. Affymetrix Inc., et al.*, Case No. 16CV290267, *Betty Greenberg v. Frank Witney, et al.*, Case No. 16CV290336, *Jeffrey S. L. Cheah v. Affymetrix, Inc., et al.*, Case No. 16CV290794, and *Robert Cox v. Affymetrix, Inc., et al.*, Case No. 16CV290866 (The *Merola, Cheah* and *Cox* cases also name Affymetrix itself as a defendant). The complaints allege that our directors breached their fiduciary duties by failing to maximize stockholder value in negotiating and approving the merger agreement. The complaints also generally allege that the additional defendants named in each suit aided and abetted these alleged breaches of fiduciary duties. In addition, in the *Cheah* case, an amended complaint was filed on February 18, 2016 that also alleges conflicts of interest in the deal process and that

the preliminary proxy statement contains material misrepresentations and omissions. An amended complaint was served in the *Cox* case on February 29, 2016 that also alleges that the preliminary proxy statement contains material misrepresentations and omissions.

On February 24, 2016 a putative shareholder class action suit was filed by an individual stockholder in the United States District Court in the Northern District of California. The case is captioned *Gerald Douglas v. Frank Witney, et al.*, Case No. 3:16-CV-00921. The complaint alleges breaches of fiduciary duty and violations of federal securities law. On March 14, 2016, similar putative shareholder class action suits were filed by other individual stockholders in the United States District Court in the Northern District of California. Those cases are captioned *Steven Merola v. Frank Witney, et al.*, No. 5:16-cv-01237, and *Jeffrey S. L. Cheah v. Affymetrix, Inc., et al*, No. 5:16-cv-01253. (The plaintiffs in the *Merola* and *Cheah* cases had previously filed cases in the Superior Court of California in Santa Clara County.) The complaints seek, among other forms of relief, class certification and injunctive relief blocking consummation of the merger.

On March 15, 2016, counsel for the parties in the *Douglas*, *Merola*, and *Cheah* lawsuits entered into a memorandum of understanding in which they agreed on the terms of a settlement of those lawsuits, which would include the dismissal with prejudice of all claims against all of the defendants. The proposed settlement is conditional upon, among other things, the execution of an appropriate stipulation of settlement, consummation of the merger and final approval of the proposed settlement by the court. In addition, in connection with the settlement and as provided in the memorandum of understanding, the parties contemplate that plaintiffs' counsel will seek an award of attorneys' fees and expenses as part of the settlement. There can be no assurance that the parties will ultimately enter into a stipulation of settlement or that the court will approve the settlement even if the parties were to enter into such stipulation. In such event, the proposed settlement as contemplated by the memorandum of understanding may be terminated. The settlement will not affect the amount of the merger consideration that Affymetrix stockholders are entitled to receive in the merger.

The defendants deny all liability with respect to the facts and claims alleged in the lawsuits and specifically deny that any further supplemental disclosure was required under any applicable rule, statute, regulation or law. However, to avoid the risk of delaying or adversely affecting the merger and the related transactions, to minimize the expense of defending the lawsuits, and to provide additional information to our stockholders at a time and in a manner that would not cause any delay of the special meeting or the merger, the defendants have agreed to the terms of the proposed settlement described above. We further considered it desirable that the actions be settled to avoid the expense, risk, inconvenience and distraction of continued litigation and to fully and finally resolve the settled claims.

## Supplemental Disclosures

As contemplated by the proposed settlement, the Company is providing certain additional disclosures that are supplemental to those contained in the proxy statement previously mailed to you. This supplemental information should be read in conjunction with the proxy statement, which we urge you to read in its entirety. As noted above, none of the defendants has admitted wrongdoing of any kind, including but not limited to inadequacies in any disclosure, the materiality of any disclosure that the plaintiffs contend should have been made, any breach of any fiduciary duty, or aiding or abetting any of the foregoing. To the extent that information herein differs from or updates information contained in the proxy statement, the information contained herein is more current. Defined terms used but not defined herein have the meanings set forth in the proxy statement. Paragraph references used herein refer to the proxy statement prior to any additions or deletions resulting from the supplemental disclosures. The additional disclosures are as follows:

*(1) Supplement to "The Merger—Background of the Merger"*

*The following disclosure supplements and is to be inserted after the fifth sentence of the seventh paragraph under the heading "Background of the Merger" on page 18 of the proxy statement.*

The Board retained Morgan Stanley based on Morgan Stanley's qualifications, experience, reputation, expertise, knowledge and involvement in recent transactions in Affymetrix' industry and previous experience working with Affymetrix.

2

*The following disclosure amends and restates the second sentence of the sixteenth paragraph under the heading "Background of the Merger" on page 19 of the proxy statement.*

Morgan Stanley contacted the three other strategic parties authorized by the Board, Company C, Company D, and Thermo Fisher, on December 3, December 6 and December 4, respectively, to determine if they were interested in a potential acquisition of Affymetrix.

*The following disclosure supplements and is to be inserted at the end of the second sentence of the seventeenth paragraph under the heading "Background of the Merger" on page 19 of the proxy statement and replaces all text thereafter.*

for which Morgan Stanley expected it might receive customary fees if the transactions related to such engagements were completed. The Board concluded that Morgan Stanley could continue to represent Affymetrix with respect to the proposed acquisition after considering that Thermo Fisher had multiple financial advisors, an active acquisition program and the financial means to complete multiple transactions. Morgan Stanley also disclosed that no senior member of the Morgan Stanley team providing advice to Affymetrix in connection with the proposed transaction was providing services to or had any equity interest in Thermo Fisher. The Board concluded that none of the disclosed engagements would impair Morgan Stanley's ability to provide effective and impartial advice to Affymetrix.

*The following disclosure amends and restates the first sentence of the nineteenth paragraph under the heading "Background of the Merger" on page 20 of the proxy statement.*

Thermo Fisher entered into a confidentiality agreement with Affymetrix on December 10 while Company C entered into a confidentiality agreement with Affymetrix on December 18 due to more protracted negotiations.

*The following disclosure amends and restates the second bullet of the twenty-fourth paragraph under the heading "Background of the Merger" on page 21 of the proxy statement.*

- The Board's view, based on indications from each of Company A and Company B as well as its analysis aided by advice from Morgan Stanley, of their resources, that neither was likely to have the ability to increase its proposal to be competitive with Thermo Fisher's proposal. The Board also noted that Company A and Company B each would require outside financing to consummate an acquisition of Affymetrix, which would likely extend the timeline for completing a transaction, and Company A also included stock as part of the proposed merger consideration, which increased uncertainty concerning the value to be received by Affymetrix stockholders.

*The following disclosure supplements and is to be inserted after the second sentence of the twenty-ninth paragraph under the heading "Background of the Merger" on page 22 of the proxy statement.*

The principal open item was the amount of the "breakup fee" (also referred to herein as the "termination fee") payable to Thermo Fisher if the agreement were terminated under certain circumstances. Thermo Fisher had come down from its original proposal framed as 4.5% of fully diluted equity value (equivalent to approximately $66 million) to $60 million, while Affymetrix had come up from its original proposal framed as 2.5% of fully diluted equity value (equivalent to approximately $37 million) to $50 million. The Board directed Affymetrix management and its financial and legal advisors to try to resolve the fee at $55 million, which was within the range of termination fees (on a percentage of equity basis) in precedent transactions.

*The following disclosure amends and restates the second sentence of the thirtieth paragraph under the heading "Background of the Merger" on page 22 of the proxy statement.*

At the meeting, Davis Polk reviewed the final terms of the agreement, including a termination fee of $55 million, which the Board concluded was within a customary range and would not be preclusive of a topping bid.

3

*(2) Supplement to "The Merger—Consideration Payable for Shares Held Pursuant to the Merger Agreement"*

*The following disclosure amends and restates the second sentence of the first paragraph under the heading "Consideration Payable for Shares Held Pursuant to the Merger Agreement" on page 25 of the proxy statement.*

The executive officers and directors of Affymetrix beneficially held, in the aggregate, 1,612,628 shares of Affymetrix common stock (or approximately 1.97% of all outstanding shares) as of February 18, 2016.

*(3) Supplement to "The Merger—Interests of the Company's Directors and Executive Officers in the Merger"*

*The following disclosure supplements and is to be inserted after the first sentence of the first paragraph under the subheading "Thermo Fisher Board of Directors and Management Following the Merger" on page 29 of the proxy statement.*

As of the date of this proxy statement, Thermo Fisher has not entered into any new employment agreements with any officers or directors of Affymetrix or made any formal offers to enter into any such new employment agreements with any officers or directors of Affymetrix. After execution of the Merger Agreement, Thermo Fisher indicated that it is analyzing whether it intends to extend offers of employment to some or all of Affymetrix' officers.

*(4) Supplement to "The Merger—Opinion of Financial Advisor"*

*The following disclosure supplements and is to be inserted after the first sentence of the fourth paragraph under the subheading "Affymetrix Selected Comparable Companies Analysis" on page 33 of the proxy statement.*

Morgan Stanley calculated equity value using net cash of $116 million (assuming equity settlement of the convertible notes and make whole), tax assets of $70 million for the Base Case and $79 million for the Unrisked Upside Case and unconsolidated investments of $2 million.

*The following disclosure supplements and is to be inserted after the second sentence of the fourth paragraph under the subheading "Affymetrix Selected Comparable Companies Analysis" on page 33 of the proxy statement.*

For the purposes of the selected comparable companies analysis, Morgan Stanley used adjusted EBITDA figures for Affymetrix, rather than unadjusted EBITDA figures which were used to formulate the applicable pricing multiples for the selected comparable companies, because in Morgan Stanley's professional judgment using adjusted EBITDA was necessary to account for Affymetrix' use of stock-based compensation, which was larger as a percentage of unadjusted EBITDA compared to that of its peers.

*The following disclosure supplements and is to be inserted after the first sentence of the paragraph under the subheading "Affymetrix Discounted Equity Value Analysis" on page 33 of the proxy statement.*

Morgan Stanley calculated equity value using net cash of $116 million (assuming equity settlement of the convertible notes and make whole), tax assets of $70 million for the Base Case and $79 million for the Unrisked Upside Case and unconsolidated investments of $2 million.

*The following disclosure supplements and is to be inserted after the first sentence of the third paragraph under the subheading "Select Precedent M&A Transactions Analysis" on page 35 of the proxy statement.*

Morgan Stanley calculated equity value using net cash of $116 million (assuming equity settlement of the convertible notes and make whole), tax assets of $70 million for the Base Case and unconsolidated investments of $2 million.

*The following disclosure supplements and is to be inserted after the second sentence of the third paragraph under the subheading "Select Precedent M&A Transactions Analysis" on page 35 of the proxy statement.*

The Unrisked Upside Case was not separately included in Morgan Stanley's analysis because the Unrisked Upside Case and the Base Case were the same for 2015.

*The following disclosure supplements and is to be inserted after the second sentence of the first paragraph under the subheading "Premia Paid Analysis" on page 36 of the proxy statement.*

Morgan Stanley calculated equity value using net cash of $116 million (assuming equity settlement of the convertible notes and make whole), taxes of $70 million for the Base Case and $79 million for the Unrisked Upside Case and unconsolidated investments of $2 million.

*The following disclosure amends and restates the paragraph under the subheading "Affymetrix Discounted Cash Flow Analysis" on page 36 of the proxy statement.*

Morgan Stanley performed a discounted cash flow analysis to determine a range of potential values per share of Affymetrix common stock, using the financial projections provided by Affymetrix management in each of the Base Case and Unrisked Upside Case. Morgan Stanley calculated a range of implied prices per share of Affymetrix common stock based on the sum of the discounted after-tax net present values of (i) annual unlevered free cash flows that Affymetrix is estimated to generate for the fiscal years ending December 31, 2016 through December 31, 2019, and (ii) a projected terminal value of Affymetrix common stock as of December 31, 2019. Morgan Stanley then discounted the cash flows and terminal value back to January 6, 2016 using discount rates of 7.7-9.7%, which represent a range around Affymetrix' weighted average cost of capital of 8.7%. Morgan Stanley calculated Affymetrix' annual unlevered free cash flows by taking Affymetrix' projected Adjusted EBITDA less stock-based compensation, litigation expense, change in working capital / other, capital expenditures, and normalized taxes based on assumptions provided by Affymetrix. For terminal value, Morgan Stanley used multiples of 2019 Adjusted EBITDA of 11.0 – 13.0x, which was based on Morgan Stanley's professional business judgment. Morgan Stanley calculated equity value using net cash of $116 million (assuming equity settlement of the convertible notes and make whole), tax assets of $70 million for the Base Case and $79 million for the Unrisked Upside Case and unconsolidated investments of $2 million. Based on this analysis, Morgan Stanley calculated (a) a range of potential values of $10.61 to $12.71, based on the Base Case and (b) a range of potential values of $13.60 to $16.42, based on the Unrisked Upside Case, in each case, per share of Affymetrix common stock.

*The following disclosure supplements and is to be inserted before the first sentence of the fifth paragraph under the subheading "General" on page 37 of the proxy statement.*

Affymetrix entered into an engagement letter with Morgan Stanley on November 6, 2015.

*The following disclosure supplements and is to be inserted after the fifth sentence of the sixth paragraph under the subheading "General" on page 37 of the proxy statement.*

Morgan Stanley disclosed that as of January 6, 2016, Morgan Stanley held an aggregate of less than 2% of the outstanding common stock of Thermo Fisher through Morgan Stanley's (i) investment management business, (ii) wealth management business, including client discretionary accounts or (iii) ordinary course trading activities, including hedging activities.

*The following disclosure amends and restates the sixth sentence of the sixth paragraph under the subheading "General" on page 37 of the proxy statement.*

Additionally, Morgan Stanley disclosed to Affymetrix it has certain ongoing engagements with Thermo Fisher unrelated to the transaction with Affymetrix for which Morgan Stanley expected it might receive customary fees if the transactions related to such engagements were completed. As of the date hereof, no fees were or are due or payable and Thermo Fisher does not expect to pay any such fees to Morgan Stanley in connection with any such engagements.

<u>*(5) Supplement to "The Merger—Financial Projections"*</u>

*The following disclosure amends and restates the third sentence of the first paragraph under the heading "Financial Projections" on page 37 of the proxy statement.*

In mid-December 2015, management prepared the Base Case, which are projections of Affymetrix' stand-alone financial performance for the fiscal years ended December 31, 2015 through December 31, 2019 (the "Base Case").

*The following disclosure amends and restates the first sentence of the second paragraph under the heading "Financial Projections" on page 37 of the proxy statement.*

The Base Case was provided to prospective buyers of Affymetrix, including to Company B and Thermo Fisher on December 16 and to Company A and Company C on December 18.

*The following disclosure amends and restates the first sentence of the third paragraph under the heading "Financial Projections" on page 37 of the proxy statement.*

In early December 2015, management prepared the Unrisked Upside Case, which are projections of Affymetrix' stand-alone financial performance for fiscal years 2015 through 2019 (the "Unrisked Upside Case" and, together with the Base Case, the "Projections").

*The following disclosure supplements and is to be inserted after the fourth sentence of the third paragraph under the heading "Financial Projections" on page 38 of the proxy statement.*

The Unrisked Upside Case was provided to prospective buyers of Affymetrix, including to Company A and Company B on December 11, to Thermo Fisher on December 16 and to Company C on December 18.

*The following disclosure amends and restates the table and related footnotes under the subheading "Projected Financial Information—Base Case" on page 39 of the proxy statement.*

|  | Year Ended December 31, | | | | |
|---|---|---|---|---|---|
|  | **2015E** | **2016E** | **2017E** | **2018E** | **2019E** |
|  | | | (in millions) | | |
| Net revenues | $360.7 | $380.7 | $403.5 | $427.3 | $452.9 |
| Gross margin | 228.2 | 237.9 | 252.6 | 267.8 | 284.2 |
| Operating income | 16.2 | 29.7 | 39.1 | 51.3 | 64.2 |
| Net income | 9.0 | 21.0 | 30.1 | 41.8 | 55.6 |
| Depreciation & amortization | 21.4 | 23.7 | 24.9 | 24.7 | 24.7 |
| Interest expense | 6.6 | 5.7 | 5.6 | 4.9 | 2.4 |
| Taxes | 1.2 | 3.0 | 3.5 | 4.6 | 6.2 |
| Litigation expense | 11.6 | 0.4 | 2.0 | 2.0 | 2.0 |
| Stock-based compensation | 15.2 | 16.0 | 16.0 | 14.0 | 12.0 |
| Adjusted EBITDA(1) | 65.0 | 69.8 | 82.1 | 92.0 | 102.9 |
| Levered free cash flow(2) | 33.3 | 50.8 | 60.9 | 69.8 | 81.1 |

(1)   Non-GAAP measure. "EBITDA" means earnings before interest, taxes, depreciation and amortization. Adjusted EBITDA is determined by adding the following items to net income, the closest GAAP financial measure: depreciation & amortization, cost of goods sold amortization of intangibles, interest expense, taxes, litigation expense, other one-time items, stock-based compensation and other non-operating expenses.

6

(2)   Non-GAAP measure. "Levered free cash flow" means net income plus depreciation & amortization, stock-based compensation and change in working capital / other, minus capital expenditures (as depicted in the chart immediately below).

| | Year Ended December 31, | | | | |
|---|---|---|---|---|---|
| | 2015E | 2016E | 2017E | 2018E | 2019E |
| | (in millions) | | | | |
| Net income | $ 9.0 | $21.0 | $30.1 | $41.8 | $55.6 |
| Depreciation & amortization | 21.4 | 23.7 | 24.9 | 24.7 | 24.7 |
| Stock-based compensation | 15.2 | 16.0 | 16.0 | 14.0 | 12.0 |
| Change in working capital / other | (1.5) | (1.9) | (2.1) | (2.7) | (3.2) |
| Capital expenditures | (10.8) | (8.0) | (8.0) | (8.0) | (8.0) |
| Levered free cash flow | 33.3 | 50.8 | 60.9 | 69.8 | 81.1 |

*The following disclosure amends and restates the first sentence of the first paragraph under the subheading "Projected Financial Information—Base Case" on page 39 of the proxy statement.*

The projections provided above under the column heading "2015E" reflect certain adjustments made by Affymetrix' management as initial year-end results became available. Affymetrix shared these adjustments with Thermo Fisher in early January.

*The following disclosure amends and restates the table and related footnotes under the subheading "Projected Financial Information—Unrisked Upside Case" on page 39 of the proxy statement.*

| | Year Ended December 31, | | | | |
|---|---|---|---|---|---|
| | 2015E | 2016E | 2017E | 2018E | 2019E |
| | (in millions) | | | | |
| Net revenues | $360.7 | $388.7 | $430.6 | $490.1 | $541.0 |
| Gross margin | 228.2 | 243.1 | 269.9 | 307.9 | 340.6 |
| Operating income | 16.2 | 34.8 | 49.9 | 77.7 | 100.4 |
| Net income | 9.0 | 26.1 | 40.8 | 54.6 | 73.5 |
| Depreciation & amortization | 21.4 | 23.7 | 24.9 | 24.7 | 24.7 |
| Interest expense | 6.6 | 5.7 | 5.6 | 4.9 | 2.4 |
| Taxes | 1.2 | 3.0 | 3.5 | 18.2 | 24.5 |
| Litigation expense | 11.6 | 0.4 | 2.0 | 2.0 | 2.0 |
| Stock-based compensation | 15.2 | 16.0 | 16.0 | 14.0 | 12.0 |
| Adjusted EBITDA(1) | 65.0 | 75.0 | 92.8 | 118.4 | 139.1 |
| Levered free cash flow(2) | 33.3 | 55.9 | 71.1 | 77.7 | 89.9 |

(1)   Non-GAAP measure. "EBITDA" means earnings before interest, taxes, depreciation and amortization. Adjusted EBITDA is determined by adding the following items to net income, the closest GAAP financial measure: depreciation & amortization, cost of goods sold amortization of intangibles, interest expense, taxes, litigation expense, other one-time items, stock-based compensation and other non-operating expenses.

(2)   Non-GAAP measure. "Levered free cash flow" means net income plus depreciation & amortization, stock-based compensation and change in working capital / other, minus capital expenditures (as depicted in the chart immediately below).

| | Year Ended December 31, | | | | |
|---|---|---|---|---|---|
| | 2015E | 2016E | 2017E | 2018E | 2019E |
| | (in millions) | | | | |
| Net income | $ 9.0 | $26.1 | $40.8 | $54.6 | $ 73.5 |
| Depreciation & amortization | 21.4 | 23.7 | 24.9 | 24.7 | 24.7 |
| Stock-based compensation | 15.2 | 16.0 | 16.0 | 14.0 | 12.0 |
| Change in working capital / other | (1.5) | (1.9) | (2.6) | (7.6) | (12.3) |
| Capital expenditures | (10.8) | (8.0) | (8.0) | (8.0) | (8.0) |
| Levered free cash flow | 33.3 | 55.9 | 71.1 | 77.7 | 89.9 |

*(6) Supplement to "Reconciliation of GAAP Items to Non-GAAP Items"*

*The following disclosure supplements and is to be inserted after the footnote under the subheading "Base Case (As Adjusted)" on page 67 of the proxy statement.*

The projections provided above under the column heading "Year Ended December 31, 2015E" reflect certain adjustments made by Affymetrix' management as initial year-end results became available. Affymetrix shared these adjustments with Thermo Fisher in early January.

By Order of the Board of Directors,

/s/ Siang Chin
_____
Siang Chin
*Senior Vice President, General Counsel and Secretary*
*Santa Clara, California*
*March 15, 2016*

8

# EXHIBIT B

1

**EXHIBIT B**

2

**UNITED STATES DISTRICT COURT**

3

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4

5   GERALD DOUGLAS, Individually and on        Case No. 3:16-cv-00921-WHO
    Behalf of All Others Similarly Situated,
6
                          Plaintiff,
7                                               **[PROPOSED] ORDER PRELIMINARILY**
                     v.                         **APPROVING SETTLEMENT AND**
8                                               **PROVIDING FOR NOTICE**
    FRANK WITNEY, NELSON CHAN,
9   GARY GUTHART, JAMI NACHTSHEIM,
    RICCARDO PIGLIUCCI, MERILEE
10  RAINES, ROBERT TRICE, and
    AFFYMETRIX, INC.,
11
                          Defendants.
12
13  STEVEN MEROLA, Individually and On         Related Case No. 4:16-cv-01237-WHO
    Behalf of All Others Similarly Situated,
14
                          Plaintiff,
15
                     v.
16
    FRANK WITNEY, NELSON CHAN,
17  GARY GUTHART, JAMI NACHTSHEIM,
    RICCARDO PIGLIUCCI, MERILEE
18  RAINES, ROBERT TRICE, and
    AFFYMETRIX, INC.,
19
                          Defendants.
20
    JEFFREY S.L. CHEAH, Individually and on    Related Case No. 3:16-cv-1253-WHO
21  Behalf of All Others Similarly Situated,
22                        Plaintiff,
23                   v.
24  AFFYMETRIX, INC, JAMI DOVER
    NACHTSHEIM, FRANK WITNEY,
25  NELSON C. CHAN, GARY S. GUTHART,
    RICCARDO PIGLIUCCI, MERILEE
26  RAINES, ROBERT H. TRICE, THERMO
    FISHER SCIENTIFIC, INC. and WHITE
27  BIRCH MERGER CO.,
28                        Defendants.

WHEREAS, there are three putative class actions pending before the Court, entitled (1) *Gerald Douglas v. Frank Witney, et al.*, No. 16-cv-00921; (2) *Steven Merola v. Affymetrix Inc., et al.*, No. 16-cv-1237; and (3) *Jeffrey S L. Cheah v. Affymetrix, Inc., et al.*, No. 16-cv-01253 (the "Actions");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of these Actions, in accordance with a Stipulation of Settlement dated as of July 29, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Actions and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Court preliminarily certifies, under Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, for purposes of effectuating this Settlement only, a non-opt-out Settlement Class consisting of all record holders and beneficial owners of Affymetrix common stock at any time during the period beginning on and including August 12, 2015 through and including March 31, 2016, the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Settlement Class are the Defendants, members of the immediate family of any individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the respective successors in interest, predecessors, representatives, trustees,

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

executors, administrators, heirs, assigns, or transferees, immediate or remote, of any such excluded person.

3.      With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Actions is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; (e) inconsistent or varying adjudications with respect to individual class members, including as to Defendants' disclosure obligations, would establish incompatible standards of conduct for the Defendants; (f) adjudications with respect to individual Settlement Class members would be dispositive of the interests of the other members not parties to the individual adjudications; (g) Defendants acted on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole; and (h) a class action is superior to other methods for the fair and efficient adjudication of the matter.

4.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2016, at ____: __.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether to approve the amount of attorneys' fees and expenses to be paid by Defendants to Plaintiffs' Counsel as provided by in ¶ 5.1 of the Stipulation; and whether a Judgment as provided in ¶ 1.7 of the Stipulation should be entered herein.

5.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") annexed as Exhibit C to the Stipulation, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in ¶ 6 of this Order (the "Preliminary Approval Order") meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice

practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled hereto.

6.      Within thirty (30) calendar days of the date of this Preliminary Approval Order, Defendants shall cause a copy of the Notice to be mailed by United States mail, postage prepaid, to all members of the Settlement Class as defined in the Stipulation who can be identified with reasonable effort, at their last known addresses appearing in the books and records maintained by or on behalf of Affymetrix.  Defendants shall pay all reasonable costs and expenses incurred in providing the Notice.  Defendants shall, no later than seven (7) calendar days before the Settlement Hearing directed herein, file an appropriate affidavit of proof of mailing with respect to the Notice.

7.      All members of the Settlement Class shall be bound by all determinations and judgments in the Actions concerning the Settlement.

8.      Any Settlement Class member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

9.      Unless and until the Settlement is cancelled and terminated pursuant to ¶ 6.2 of the Stipulation, neither the Plaintiffs nor any Settlement Class member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.     Any Settlement Class member may appear and show cause, if he, she or it has any reason why the Settlement should or should not be approved, or why the Final Order and Judgment should or should not be entered, provided, however, that no Settlement Class member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Order and Judgment to be entered thereon, unless that Person (a) has served on the following counsel, such that they are received by such counsel on or before fourteen (14) calendar days before the Settlement Hearing, (i) a written notice of objection, including a written notice of his, her or its intention to appear if he, she or it intends to

do so, (ii) proof of his, her or its membership in the Settlement Class, (iii) a written statement of the position he, she or it will assert, (iv) the reasons for his, her or its position, and (v) copies of any papers, briefs or other matter they wish the Court to consider:

FARUQI & FARUQI, LLP
James M. Wilson, Jr.
Barbara A. Rohr
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: ( 424) 256-2885

***Counsel for Plaintiffs and the Settlement Class***

DAVIS POLK & WARDWELL LLP
Neal A. Potischman
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

***Counsel for Defendants Affymetrix, Inc., Jami Dover Nachtsheim, Frank Witney, Nelson C. Chan, Gary S. Guthart, Riccardo Pigliucci, Merilee Raines, and Robert H. Trice***

WACHTELL, LIPTON, ROSEN & KATZ
William Savitt
51 W 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

***Counsel for Defendant Thermo Fisher Scientific Inc.***

and (b) filed said objections, papers and briefs, and proof of service on the above-listed counsel, with the Clerk of the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on or before the same date.  Any Settlement Class member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection (including any right of appeal) and shall forever be foreclosed from making any such objection, including any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court.

11.     The Parties shall file all papers including memoranda or briefs in support of the Settlement and the award of attorneys' fees and expenses no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Replies to any objections shall be filed no later than seven (7) calendar days before the Settlement Hearing.

12.     Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Preliminary Approval Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED:

_____

THE HONORABLE
WILLIAM H. ORRICK
U.S. DISTRICT COURT JUDGE

# EXHIBIT C

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD DOUGLAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>                Defendants. | Case No. 3:16-cv-00921-WHO<br><br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |
| STEVEN MEROLA, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>                Defendants. | Related Case No. 4:16-cv-01237-WHO |
| JEFFREY S.L. CHEAH, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>AFFYMETRIX, INC., JAMI DOVER NACHTSHEIM, FRANK WITNEY, NELSON C. CHAN, GARY S. GUTHART, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT H. TRICE, THERMO FISHER SCIENTIFIC, INC. and WHITE BIRCH MERGER CO.,<br><br>                Defendants. | Related Case No. 3:16-cv-1253-WHO |

TO:   ALL HOLDERS AND ALL OWNERS, INCLUDING ALL RECORD HOLDERS AND/OR BENEFICIAL OWNERS, OF COMMON STOCK OF AFFYMETRIX, INC. ("AFFYMETRIX" ) DURING THE PERIOD BEGINNING ON AUGUST 12, 2015, THROUGH AND INCLUDING MARCH 31, 2016, BUT EXCLUDING DEFENDANTS, THEIR IMMEDIATE FAMILY MEMBERS, THEIR DIRECTORS OR PARTNERS, THEIR DIRECT OR INDIRECT PARENT OR SUBSIDIARY ENTITIES, OR ANY PERSON OR ENTITY OVER WHOM OR WHICH ANY DEFENDANT EXERCISES SOLE OR EXCLUSIVE CONTROL (THE "SETTLEMENT CLASS" AND EACH MEMBER THEREOF A "SETTLEMENT CLASS MEMBER").

**THIS NOTICE WAS SENT TO YOU BY ORDER OF THE COURT.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THESE CLASS ACTIONS.  IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THESE ACTIONS, AND THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE SETTLEMENT DESCRIBED BELOW.**

**IF YOU HELD COMMON STOCK OF AFFYMETRIX FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO THE BENEFICIAL OWNER.**

**This Notice is not a lawsuit against you.  You are not being sued.  You have received this Notice because you may be a member of the settlement class described in this Notice.**

## I.   PURPOSE OF THIS NOTICE

This Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") is given pursuant to an order of the United States District Court for the Northern District of California (the "Court") entered in the above-captioned actions (the "Actions") on _____, 2016 (the "Preliminary Approval Order").  The terms and conditions of the settlement (the "Settlement") are embodied in a Stipulation of Settlement (the "Stipulation") entered into on July 29, 2016, by and between: (i) plaintiffs Steven Merola, Jeffrey S. L. Cheah, and Gerald Douglas (collectively, "Plaintiffs") by and through their counsel ("Plaintiffs' Counsel") and (ii) defendants Affymetrix, Inc. ("Affymetrix" or the "Company"), Jami Dover Nachtsheim, Frank Witney, Nelson C. Chan, Gary S. Guthart, Riccardo Pigliucci, Merilee Raines, Robert H. Trice (the "Individual Defendants" and together with the Company, the "Affymetrix Defendants"), Thermo Fisher Scientific Inc. ("Thermo Fisher"), and White Birch Merger Co., by and through their counsel (collectively, "Defendants," and together with Plaintiffs, the "Parties").

The purpose of this Notice is to inform you of (i) the pendency and proposed Settlement by means of the Stipulation entered into by the Parties, (ii) the Court's conditional certification of a class for purposes of the Settlement, and (iii) your right to participate in a hearing to be held on _____, 2016 at ___:___.m. (the "Settlement Hearing"), before the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 to: (i) determine whether, for settlement purposes only, the Court's conditional certification of the non-opt-out Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, should be made final; (ii) determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable and adequate; (iii) determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Actions with prejudice; and (iv) hear and determine other matters relating to the proposed Settlement, including the application for an award of attorneys' fees and reimbursement of litigation expenses to Plaintiffs' Counsel.

The Court has determined that for purposes of the Settlement only, the Actions shall be conditionally maintained as non-opt-out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure.

This Notice describes the rights that you may have pursuant to the Settlement and what steps you may take, but are not required to take, in relation to the Settlement.

If the Court approves the Settlement, the Parties will ask the Court at the Settlement Hearing to enter a Final Order and Judgment dismissing the Actions with prejudice on the merits as to all Defendants and releasing claims in accordance with the terms of the Stipulation.

The Court has reserved the right to adjourn the Settlement Hearing, or any portion thereof, without further notice to the Settlement Class other than by announcement at the

2

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

1   Settlement Hearing or any adjournment thereof.  The Court has further reserved the right to

2   approve the Settlement at or after the Settlement Hearing with such modifications as may be

3   consented to by the Parties and without further notice to the Settlement Class members.

4   **THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS**
    **OF THE COURT.  IT IS BASED ON THE STATEMENTS OF THE**
5   **PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION**
    **OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF**
6   **THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**
7

8   **II.    HISTORY AND BACKGROUND OF THE SETTLEMENT**

9   On January 8, 2016, Affymetrix and Thermo Fisher entered into an agreement and plan

10  of merger (the "Merger Agreement") pursuant to which Thermo Fisher would acquire all

11  outstanding shares of Affymetrix, through White Birch Merger Co., and, in return, Affymetrix

12  shareholders would receive $14.00 in cash for each share of Affymetrix they owned (the

13  "Merger").

14  On January 19, 2016, Mr. Steven Merola ("Merola") filed an action (the *Merola* Action)

15  against Defendants challenging the Merger on behalf of a putative class of public shareholders of

16  Affymetrix.

17  On January 20, 2016, Ms. Betty Greenberg ("Greenberg") filed a related putative class

18  action (the *Greenberg* Action) against the same Defendants on behalf of the same putative class.

19  On January 26, 2016, Mr. Jeffrey S. L. Cheah ("Cheah") filed a related putative class

20  action (the *Cheah* Action) against the same Defendants on behalf of the same putative class.

21  On January 27, 2016, Mr. Robert Cox ("Cox") filed a related putative class action (the

22  Cox Action) against the same Defendants on behalf of the same putative class.

23  On February 3, 2016, Affymetrix filed a preliminary proxy statement on Schedule 14A

24  (the "Preliminary Proxy") with the Securities and Exchange Commission (the "SEC") describing

25  the terms of the Merger.

26  On February 18, 2016, Cheah filed an amended complaint alleging, among other things,

27  that the Board breached its fiduciary duties to the Company's public stockholders in negotiating

28

3

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT
HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

1    and approving the Merger Agreement by failing to maximize shareholder value and failing to

2    disclose all material information concerning the Merger, and that the other Defendants aided and

3    abetted the alleged breaches of fiduciary duty and seeking, among other things, an injunction

4    enjoining the consummation of the Merger.

5    　　　All of the foregoing actions were filed in the Superior Court of the State of California for

6    the County of Santa Clara ("Superior Court").

7    　　　On February 24, 2016, Mr. Gerald Douglas filed a related putative class action in this

8    Court (the *Douglas* Action) against many of the same Defendants on behalf of the same putative

9    class.

10   　　　On February 24, 2016, Affymetrix filed with the SEC a definitive proxy statement

11   ("Proxy") disclosing, among other things, the Affymetrix Board of Directors' (the "Board")

12   unanimous recommendation that Affymetrix shareholders vote for the adoption of the Merger

13   Agreement, that the shareholder vote would take place on March 24, 2016, unless delayed, and

14   certain information supporting the Board's recommendation.

15   　　　On February 26, 2016, Merola, Cheah, and Defendants executed a stipulated, proposed

16   confidentiality order that was filed that day and entered by the Superior Court on March 3, 2016.

17   　　　Also on February 26, 2016, Defendants voluntarily produced documents to counsel for

18   Plaintiffs in the *Merola* Action and *Cheah* Action, consisting of (a) confidential presentations

19   prepared by Affymetrix's financial advisor that were delivered to Affymetrix's board of directors

20   between August 2015 and January 2016 with respect to the proposed transaction, (b) minutes of

21   board of directors meetings between August 2015 and January 2016 with respect to the

22   transaction, and (c) confidential presentations delivered by members of Affymetrix management

23   to potential bidders with respect to the transaction, presentations that included management's

24   financial projections for Affymetrix's business.

25   　　　On March 9, 2016, Defendants produced the same documents to counsel for Plaintiff in

26   the *Douglas* Action.

27

28

In the same approximate time-frame, Defendants voluntarily provided documentary and deposition discovery to plaintiffs in the Greenberg and Cox actions, both of whom subsequently dismissed their actions voluntarily and without receipt of any compensation or other consideration.

On March 10, 2016, Plaintiffs in the *Merola* Action and *Cheah* Action sent to counsel for Affymetrix a letter demanding that Affymetrix make certain further disclosures to shareholders prior to the shareholder vote.

On March 11, 2016, Plaintiff in the *Douglas* Action sent to counsel for Defendants a similar letter demanding that Affymetrix take certain actions, including making certain further disclosures to shareholders, prior to the shareholder vote.

During this period, counsel to the Parties had a series of good faith and arm's-length discussions about the terms and conditions of a potential resolution of the Actions in which Affymetrix would agree to make certain additional disclosures regarding the Merger Agreement (the "Supplemental Disclosures") as part of a supplement to the Proxy.

On March 14, 2016, Merola voluntarily withdrew the *Merola* Action previously filed in Superior Court, and filed the Second *Merola* Action in this Court alleging, among other things, that the Board breached its fiduciary duties to the Company's public stockholders in negotiating and approving the Merger Agreement by failing to maximize shareholder value and failing to disclose all material information concerning the Merger, and that the other Defendants aided and abetted the alleged breaches of fiduciary duty and seeking, among other things, an injunction enjoining the consummation of the proposed Merger.

On March 14, 2016, Cheah filed the Second *Cheah* Action in this Court alleging, among other things, that the Board breached its fiduciary duties to the Company's public stockholders in negotiating and approving the Merger Agreement by failing to maximize shareholder value and failing to disclose all material information concerning the Merger, and that the other Defendants aided and abetted the alleged breaches of fiduciary duty and seeking, among other things, an

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-cv-00921-WHO; 4:16-cv-01237-WHO; 3:16-cv-1253-WHO

injunction enjoining the consummation of the proposed Merger.  On March 16, 2016, Cheah withdrew the *Cheah* Action previously filed in the Superior Court.

On March 15, 2016, following further negotiations, counsel for the Parties reached an agreement in principle providing for the settlement of the Actions and  executed a Memorandum of Understanding ("MOU") setting forth the key terms of the Settlement, subject to confirmatory discovery among other conditions, including an agreement by the Defendants that Affymetrix would promptly make the Supplemental Disclosures in disclosures about the transaction that would be filed that same day (the "Proxy Supplement").  The Proxy Supplement was filed accordingly.

Between March 18 and March 22, 2016, Origin Technologies Corporation, LLC ("Origin") made putative proposals to acquire Affymetrix at a price above $14.00 per share.  The Affymetrix Board engaged in discussions with Origin between March 23 and March 28, 2016. On March 28, 2016, Origin withdrew its offer to acquire Affymetrix.  These developments were described by Affymetrix in public filings with the SEC on March 21, 2016, March 24, 2016, and March 29, 2016.

On March 25, 2016, Plaintiffs sent a detailed request for confirmatory discovery on numerous topics concerning the Affymetrix Board's consideration and negotiation of the Merger and seeking numerous categories of documents including, among other things, copies of Board minutes, financial presentations, diligence presentations, drafts of the Merger Agreement, and documents regarding the Origin proposals.

On March 31, 2016, Affymetrix completed the Merger and became a wholly owned subsidiary of Thermo Fisher.

Between March 31 and June 2, 2016, Defendants produced over 5,500 pages of confirmatory discovery responsive to Plaintiffs' requests, including additional board presentations, board meeting minutes, and email correspondence, as well as copies of transcripts from the two depositions taken in the *Cox* Action and *Greenberg* Action.  In addition, Plaintiffs took the following depositions: (i) Affymetrix's Board Chair at the time of the Merger (May 10,

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

2016); (ii) Affymetrix's CEO at the time of the Merger (May 19, 2016); and (iii) a managing director of Affymetrix's financial advisor in connection with the Merger, Morgan Stanley (June 2, 2016).

By Order dated July 14, 2016, all three pending actions were related by this Court.

The Settlement set forth herein reflects the results of the Parties' negotiations and was reached after arm's-length negotiations between the Parties, all of whom were represented by counsel with extensive experience and expertise in shareholder class action litigation.  All Parties represent that, during the negotiations, they had a clear view of the strengths and weaknesses of their respective claims and defenses.  Plaintiffs' Counsel represent that they have engaged and consulted extensively with their financial expert for the purpose of evaluating and prosecuting the claims in the Actions and in connection with the settlement set forth in this Stipulation. In light of the foregoing, and having analyzed the confirmatory discovery discussed above, Plaintiffs and Plaintiffs' Counsel have concluded that the Supplemental Disclosures, in addition to later disclosures noted above in connection with the Origin proposals, provided Affymetrix shareholders with information sufficient to make a fully informed decision as to whether to vote in favor of the Merger.

Plaintiffs' entry into the Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Actions and Plaintiffs believe that the Supplemental Disclosures resulting from the Settlement conferred substantial benefits on the Settlement Class in that they permitted the Company's shareholders to make a fully informed decision with respect to the Merger; and based on their evaluation and the information they have obtained, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of Plaintiffs and the Settlement Class.

Defendants maintain that they have committed no violations of law or breaches of fiduciary duty whatsoever, nor aided and abetted any violations of law or breaches of fiduciary duty, including in connection with the Merger, the Merger Agreement, and the Proxy Supplement.  Defendants are agreeing to the terms and conditions set forth in this Stipulation

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

solely because they contend and believe that the proposed Settlement would eliminate the burden, risk, and expense of further litigation of the Actions.  Defendants have determined that it is desirable and beneficial to them that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation, and contend and believe that it is in the best interests of Affymetrix's former shareholders.

## III.   THE PROPOSED SETTLEMENT

In consideration for the Settlement and dismissal with prejudice or entry of judgment of the Actions and the releases provided herein, Affymetrix made the Supplemental Disclosures in a Proxy Supplement on Form 14A on March 15, 2016.  These Supplemental Disclosures included, among other things:

- information regarding the background of the Merger and the sales process that led to the Merger, such as how many prospective buyers were contacted by Morgan Stanley, Affymetrix's financial advisor, to determine if they were interested in a potential acquisition of Affymetrix, and the timing and scope of information provided to various prospective buyers;

- certain inputs and assumptions underlying the financial analyses of Morgan Stanley, Affymetrix's financial advisor, in support of its fairness opinion, including additional information regarding (i) the assumptions underlying the *Selected Comparable Companies Analysis*; and (ii) the assumptions underlying the *Discounted Cash Flow Analysis*;

- certain inputs and assumptions underlying the financial projections prepared by Affymetrix management; and

- information regarding Morgan Stanley's ownership of less than 2% of the outstanding common stock of Thermo Fisher, as well as its ongoing engagements with Thermo Fisher, and fees received in those engagements.

8

*See* Stipulation, Exhibit A.  Defendants acknowledge that the filing and prosecution of the Actions were the primary cause of the Supplemental Disclosures.

## IV.    ORDER AND FINAL JUDGMENT

At the Settlement Hearing, the Parties will ask the Court to enter a Final Order and Judgment, which will, among other things:

1.   approve the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.   authorize and direct performance of the Settlement in accordance with its terms and conditions;

3.   make final the Court's previous conditional determination to certify the non-opt-out Settlement Class, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

4.   grant the releases described more fully below in accordance with the terms of the Stipulation;

5.   permanently bar and enjoin the Plaintiffs and all members of the Settlement Class from asserting, commencing, prosecuting or continuing, either directly, indirectly, individually, representatively, or in any other capacity, any of the Released Claims (as defined below) as against any and all Released Parties (as defined below);

6.   approve payment of attorneys' fees and expenses to Plaintiffs' Counsel (as discussed below);

7.   dismiss the Actions with prejudice; and

8.   reserve jurisdiction over all matters relating to the administration and effectuation of the Settlement.

In the event that the Court does not enter the Final Order and Judgment approving the Settlement for any reason whatsoever, or if that Judgment is modified, vacated, or reversed on

9

appeal, then the Settlement shall be null and void.  The full and complete description of the terms

and conditions of the Settlement may be found in the Stipulation, which is on file with the Court.

**V.    RELEASES**

Upon the Effective Date (as defined in the Stipulation), the Releasing Parties (as defined

below) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

forever settled, released, discharged, extinguished, and dismissed with prejudice, completely,

individually, and collectively, all rights, actions, causes of action, suits, debts, dues, sums of

money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties,

controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions,

executions, claims, and demands whatsoever, whether known or unknown (including Unknown

Claims), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or

concealed, matured or unmatured, accrued or unaccrued, apparent or unapparent, for damages,

injunctive relief, or any other remedy, against Defendants and all of their respective present or

past heirs, executors, estates, administrators, predecessors, successors, assigns, parents,

subsidiaries, families, associates, affiliates, divisions, joint ventures, employers, employees,

agents, consultants, past, present, or future directors, managing directors or officers, general or

limited partners or partnerships, principals, limited liability companies, members, attorneys,

bankers, consultants, trustees, insurers, co-insurers, excess insurers or reinsurers, accountants,

financial and other advisors, investment bankers, commercial bankers, underwriters, lenders,

auditors, and any other representative of any of these persons or entities, and any entity in which

any of the Defendants or any members of a Defendant's family has a controlling interest, or any

trust of which any Defendant is the settlor or which is for the benefit of any Defendant or

member of his or her family (the "Released Parties"), that have been, could have been, or in the

future could be or might be asserted, by or on behalf of Plaintiffs and any or all members of the

Settlement Class in their capacity as shareholders of Affymetrix and all of their respective

present or past heirs, executors, estates, administrators, predecessors, successors, assigns,

parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, directors,

managing directors, officers, partners, partnerships, principals, limited liability companies, members, attorneys, bankers, consultants, trustees, insurers, co-insurers, reinsurers, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors, and any other representatives of any of these persons or entities (the "Releasing Parties"), including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule or regulation, including the law of any jurisdiction outside the United States (including allegations of fraud, fraud in the inducement, breach of the duty of care, breach of the duty of loyalty, breach of the duty of disclosure, breach of the duty of good faith, breach of any other duty, misrepresentation, or omission, negligence or gross negligence, "quasi-appraisal," breach of contract, breach of trust, corporate waste, ultra vires actions, unjust enrichment, aiding and abetting, violations of federal or state securities law, or otherwise), that relate in any way to (i) the Merger Agreement or the Merger or any amendment thereto; (ii) the fiduciary and other duties owed by Defendants and the Released Parties to shareholders of Affymetrix in connection therewith; (iii) Defendants' disclosure obligations under federal, state, or any other law in connection with the Merger Agreement or the Merger; (iv) the adequacy of the consideration to be paid to Affymetrix shareholders in connection with the Merger or any amendment thereto; (v) the negotiations in connection with the Merger Agreement, or any amendment thereto, including any alleged deal protection devices, (vi) the alleged aiding and abetting of any breach of fiduciary duty in connection with the Merger Agreement or the Merger; (vii) any alleged improper personal benefit, conflict of interest, improper payments of any remuneration or employment benefits to any individual made in connection with the Merger Agreement or the Merger; (viii) the allegations in the Actions; and (ix) any other claim related in any way to any of the foregoing (all of the foregoing the "Released Claims"); provided, however, that the Released Claims shall not include claims by the Parties to enforce the terms of the Stipulation and the Settlement, and the MOU.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

Additionally, upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, completely released all claims, liabilities, allegations or sanctions relating to the subject matter of the Actions that they have or may have against Plaintiffs, Plaintiffs' Counsel and the Settlement Class, including any claims based upon or arising out of the institution, investigation, prosecution, assertion, settlement, or resolution of the Actions; provided, however, that the Released Parties shall retain the right to enforce the terms of the Stipulation, the Settlement, and the MOU.

The release extends to any claim that the Releasing Parties and Released Parties do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' or Released Parties' decision to enter into the release (the "Unknown Claims").  With respect to any of the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs, all members of the Settlement Class, and Defendants shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims; further, with respect to any and all of the Released Claims, including any and all Unknown Claims, that: (i) the Releasing Parties and Released Parties shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

(ii) the Releasing Parties and Released Parties shall also be deemed to waive any and all rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542; and (iii) the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the

12

releases, but that it is their intention, on their own behalf, and by operation of law the intention of members of the Settlement Class, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish and dismiss any and all Released Claims, including any and all Unknown Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, heretofore existed, or may hereafter exist, and without regard to the discovery of additional or different facts.  Plaintiffs acknowledge, and the members of the Settlement Class shall be deemed by operation of the entry of the Final Order and Judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## VI.    PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES

Plaintiffs' Counsel have neither received any payment for their services in prosecuting the Actions on behalf of Plaintiffs and the Settlement Class, nor been paid for their litigation expenses incurred to date.  After negotiating the substantive terms of the Settlement, the Parties negotiated a fair and reasonable sum to be paid for Plaintiffs' attorneys' fees and expenses.  As a result of the negotiations, Affymetrix, its successor and/or assigns, and/or their insurer(s), and/or the insurer(s) of the Individual Defendants, on behalf of itself and for the benefit of the other Defendants in the Actions, shall pay to Plaintiffs' Counsel such fees and expenses as may be awarded by the Court up to $1,000,000 (the "Fee Amount").  Neither you nor any other member of the Settlement Class is personally liable for the Fee Amount.  The Fee Amount approved by the Court will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

## VII. THE SETTLEMENT HEARING

The Settlement Hearing will be held on _____, 2016 at ___: __.m., before the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

## VIII. YOUR RIGHT TO APPEAR AND OBJECT AT THE SETTLEMENT HEARING

Any Settlement Class member may appear and show cause, if he, she or it has any reason why the Settlement should or should not be approved, or why the Final Order and Judgment should or should not be entered, provided, however, that no Settlement Class member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Order and Judgment to be entered thereon, unless that Person (a) has served on the following counsel, such that they are received by such counsel on or before fourteen (14) calendar days before the Settlement Hearing, (i) a written notice of objection, including a written notice of his, her or its intention to appear if he, she or it intends to do so, (ii) proof of his, her or its membership in the Settlement Class, (iii) a written statement of the position he, she or it will assert, (iv) the reasons for his, her or its position, and (v) copies of any papers, briefs or other matter they wish the Court to consider:

FARUQI & FARUQI, LLP
James M. Wilson, Jr.
Barbara A. Rohr
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: ( 424) 256-2885

*Counsel for Plaintiffs and the Settlement Class*

DAVIS POLK & WARDWELL LLP
Neal A. Potischman
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

14

*Counsel for Defendants Affymetrix, Inc., Jami Dover Nachtsheim, Frank Witney, Nelson C. Chan, Gary S. Guthart, Riccardo Pigliucci, Merilee Raines, and Robert H. Trice*

WACHTELL, LIPTON, ROSEN & KATZ
William Savitt
51 W 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Counsel for Defendant Thermo Fisher Scientific Inc.*

and (b) filed said objections, papers and briefs, and proof of service on the above-listed counsel, with the Clerk of the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on or before the same date.  Any Settlement Class member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection (including any right of appeal) and shall forever be foreclosed from making any such objection, including any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court.

## IX.    EXAMINATION OF PAPERS

This Notice is not all-inclusive.  The references in this Notice to the pleadings in these Actions, the Stipulation and other papers and proceedings are only summaries and do not purport to be comprehensive.  For the full details of the Actions, the claims that have been asserted by Plaintiffs, and the terms and conditions of the Settlement, you may refer to the Stipulation and the other papers on file with the Court in the Actions.  You or your attorney may examine the Court's files during regular business hours of each business day at the office of the Clerk of the United States District Court for the Northern District of California, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

1

**IF YOU HAVE ANY QUESTIONS, PLEASE MAKE ALL INQUIRIES TO:**

2

FARUQI & FARUQI, LLP

3

James M. Wilson, Jr.

Barbara A. Rohr

4

10866 Wilshire Blvd., Suite 1470

Los Angeles, CA 90024

5

Telephone: (424) 256-2884

Facsimile: ( 424) 256-2885

6

7

**PLEASE DO NOT CONTACT THE COURT DIRECTLY**

8

9

Dated: _____, 2016

10

11

DISTRIBUTED BY ORDER OF THE UNITED STATES

12

DISTRICT COURT FOR THE NORTHERN DISTRICT

OF CALIFORNIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT
HEARING
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

# EXHIBIT D

1

**EXHIBIT D**

2

**UNITED STATES DISTRICT COURT**

3

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| 5   GERALD DOUGLAS, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:16-cv-00921-WHO |
| 6 | |
| 7                Plaintiff,<br>v. | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| 8 | |

5

GERALD DOUGLAS, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

6

7

      v.

8

9

FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,

10

11

      Defendants.

Case No. 3:16-cv-00921-WHO

**[PROPOSED] FINAL ORDER AND JUDGMENT**

12

STEVEN MEROLA, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

13

14

15

v.

16

FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,

17

18

19

      Defendants.

Related Case No. 4:16-cv-01237-WHO

20

JEFFREY S.L. CHEAH, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

21

22

23

v.

24

AFFYMETRIX, INC., JAMI DOVER NACHTSHEIM, FRANK WITNEY, NELSON C. CHAN, GARY S. GUTHART, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT H. TRICE, THERMO FISHER SCIENTIFIC, INC. and WHITE BIRCH MERGER CO.,

25

26

27

      Defendants.

Related Case No. 3:16-cv-1253-WHO

28

This matter came before the Court for hearing pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated _____, 2016 (the "Preliminary Approval Order"), to consider approval of the proposed Settlement set forth in the Stipulation of Settlement dated as of July 29, 2016 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, except as otherwise provided herein.

2. This Court has jurisdiction over the subject matter of the above-captioned actions (the "Actions") and over all parties to the Actions, including all members of the Settlement Class.

3. The Court hereby finally certifies, under Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, for purposes of effectuating this Settlement, a non-opt-out Settlement Class consisting of all record holders and beneficial owners of Affymetrix common stock at any time during the period beginning on and including August 12, 2015 through and including March 31, 2016, the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Settlement Class are the Defendants, members of the immediate family of any individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate or remote, of any such excluded person.

[PROPOSED] FINAL ORDER AND JUDGMENT
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO

4.      With respect to the Settlement Class, this Court finds and concludes that: (a) members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Actions is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; (e) inconsistent or varying adjudications with respect to individual class members, including as to Defendants' disclosure obligations, would establish incompatible standards of conduct for the Defendants; (f) adjudications with respect to individual Settlement Class members would be dispositive of the interests of the other members not parties to the individual adjudications; (g) Defendants acted on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole; and (h) a class action is superior to other methods for the fair and efficient adjudication of the matter.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class, and should be approved.  Accordingly, the Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety.  The Parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.  Plaintiffs, all Settlement Class members, and Defendants are hereby bound by the terms of the Settlement as set forth in the Stipulation.

6.      The Actions are hereby dismissed as against all Defendants on the merits and with prejudice and without Court costs to any party as against any other party, except as otherwise agreed in the Stipulation and as set forth herein.

7.      Upon the Effective Date, Plaintiffs and members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, the Released Claims against the Released Parties; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

2

8.      Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, completely released all claims, liabilities, allegations or sanctions relating to the subject matter of the Actions that they have or may have against Plaintiffs, Plaintiffs' Counsel and the Settlement Class, including any claims based upon or arising out of the institution, investigation, prosecution, assertion, settlement, or resolution of the Actions; provided, however, that the Released Parties shall retain the right to enforce the terms of the Stipulation, the Settlement, and the MOU.

9.      All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims (including Unknown Claims) against the Released Parties.

10.     Upon the Effective Date, (i) the releases in the Stipulation shall extend to all Unknown Claims; (ii) the Releasing Parties and Released Parties shall be deemed to relinquish as to the claims released by any party to this agreement, to the extent applicable, and to the full extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code (provided below); and (iii) the Releasing Parties and Released Parties shall be deemed to waive as to the claims released by any party to this agreement any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11.     The Notice was provided to the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order; proof of the mailing of the Notice has been filed with the Court; and a full opportunity to be heard has been offered to all Parties and the Settlement Class.  The form and manner of distribution of the Notice is hereby determined to have been the best notice practicable under the circumstances, to fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and applicable law, and to

3

constitute due and sufficient notice to the Settlement Class members, and it is further determined that all Settlement Class members and their respective agents, executors, heirs, successors, and assigns are bound by this Judgment.

12.     Plaintiffs' Counsel is hereby awarded fees and expenses in the aggregate amount of $_____ for Plaintiffs' Counsel's representation of Plaintiffs and the Settlement Class in connection with the Actions, which fees and expenses the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.

13.     Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

15.     The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

IT IS SO ORDERED.

DATED: _____      _____
                                                      THE HONORABLE WILLIAM H. ORRICK
                                                      U.S. DISTRICT COURT JUDGE

[PROPOSED] FINAL ORDER AND JUDGMENT
3:16-CV-00921-WHO; 4:16-CV-01237-WHO; 3:16-CV-1253-WHO