**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD DOUGLAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>Defendants. | Case No. 16-cv-00921-WHO<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| STEVEN MEROLA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>Defendants. | Related Case No. 4:16-cv-01237-WHO |
| JEFFREY S.L. CHEAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFYMETRIX, INC, JAMI DOVER NACHTSHEIM, FRANK WITNEY, NELSON C. CHAN, GARY S. GUTHART, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT H. TRICE, THERMO FISHER SCIENTIFIC, INC. and WHITE BIRCH MERGER CO.,<br><br>Defendants. | Related Case No. 3:16-cv-1253-WHO |

There are three putative class actions pending before the Court, entitled (1) *Gerald Douglas v. Frank Witney, et al.*, No. 16-cv-00921; (2) *Steven Merola v. Affymetrix Inc., et al.*,

No. 16-cv-1237; and (3) *Jeffrey S L. Cheah v. Affymetrix, Inc., et al.*, No. 16-cv-01253 (the "Actions");

The Parties having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of these Actions, in accordance with a Stipulation of Settlement dated as of July 29, 2016 (the "Stipulation"), which, together with the Exhibits, sets forth the terms and conditions for the proposed Settlement of the Actions and for dismissal of the Actions with prejudice upon the terms and conditions set forth; and

All capitalized terms in this Order have the same meanings as set forth in the Stipulation, unless otherwise defined here.

IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Stipulation and the Settlement set forth, subject to further consideration at the Final Settlement Hearing.

2. The Court preliminarily certifies, under Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, for purposes of effectuating this Settlement only, a non-opt-out Settlement Class consisting of all record holders and beneficial owners of Affymetrix common stock at any time during the period beginning on and including August 12, 2015 through and including March 31, 2016, the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Settlement Class are the Defendants, members of the immediate family of any individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate or remote, of any such excluded person.

3. With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Actions is impracticable; (b) there are questions of law and fact common to the

Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; (e) inconsistent or varying adjudications with respect to individual class members, including as to Defendants' disclosure obligations, would establish incompatible standards of conduct for the Defendants; (f) adjudications with respect to individual Settlement Class members would be dispositive of the interests of the other members not parties to the individual adjudications; (g) Defendants acted on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole; and (h) a class action is superior to other methods for the fair and efficient adjudication of the matter.

4. A hearing (the "Settlement Hearing") shall be held before this Court on **December 21, 2016, at 2:00 p.m.**, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether to approve the amount of attorneys' fees and expenses to be paid by Defendants to Plaintiffs' Counsel as provided by in ¶ 5.1 of the Stipulation; and whether a Judgment as provided in ¶ 1.7 of the Stipulation should be entered.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") attached as Exhibit B to the Declaration of Barbara A. Rohr In Further Support of the motion for preliminary approval (Dkt. No. 49-3), and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in ¶ 6 of this Order (the "Preliminary Approval Order") meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled hereto.

6. Within thirty (30) calendar days of the date of this Preliminary Approval Order, Defendants shall cause a copy of the Notice to be mailed by United States mail, postage prepaid,

to all members of the Settlement Class as defined in the Stipulation who can be identified with reasonable effort, at their last known addresses appearing in the books and records maintained by or on behalf of Affymetrix. Defendants shall pay all reasonable costs and expenses incurred in providing the Notice. Defendants shall, no later than seven (7) calendar days before the Settlement Hearing directed herein, file an appropriate affidavit of proof of mailing with respect to the Notice.

7. All members of the Settlement Class shall be bound by all determinations and judgments in the Actions concerning the Settlement.

8. Any Settlement Class member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

9. Unless and until the Settlement is cancelled and terminated pursuant to ¶ 6.2 of the Stipulation, neither the Plaintiffs nor any Settlement Class member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Settlement Class member may appear and show cause, if he, she or it has any reason why the Settlement should or should not be approved, or why the Final Order and Judgment should or should not be entered, provided, however, that no Settlement Class member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Order and Judgment to be entered thereon. Objections shall be filed with the Court no later than **50 days** after the date of the mailing of the notice.

11. Plaintiffs shall file their motion for an award of attorney's fees and costs no later than **30 days** after the date of the mailing of the notice. The Parties shall file all memoranda or briefs in support of Final Approval no later than fourteen (14) days before the Final Approval Hearing.

12. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession

by Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Preliminary Approval Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: September 21, 2016

THE HONORABLE
WILLIAM H. ORRICK
U.S. DISTRICT COURT JUDGE